*The Court
 

 directed the following certificate to be sent to the circuit court.
 

 Certificate. — This cause came on to be heard, on the transcript of the record of the United States court for the second circuit, and southern district of New York, on the question on which the judges of that court were divided, and which was certified to this court : on consideration whereof, this court is of opinion, that the said Joseph Wilson, who was in execution under a judgment obtained *by the United States, is not entitled to a discharge of his person, under the act of the state of New York, entitled, “an act abolishing imprisonment for debt,” passed April 1819. All which is directed to be certified to the circuit court for the second circuit and southern district of New York.
 
 (c)
 

 (c)
 

 See United States
 
 v.
 
 Hoar, 2 Mason 811, where it was determined, that the local statutes of limitation of the different states do not bind the United States, in suits in the national courts, and cannot be pleaded in bar of an action by the United States against individuals. In that case, it was held, that the statutes of limitation of Massachusetts did not apply even to suits by the state government, in the state courts, and that the 34th section of the judiciary act of 1789, c. 20, which provides, “that the laws of the several states, except where the constitution, treaties or statutes of the United States shall otherwise require or provide, shall be regarded as rules of decision, in trials at common law in the courts of the United States, in cases where they apply,” ■could not have meant to enlarge the construction of the statue of Massachusetts. “It is most manifest” (says Mr. Justice Story, in delivering the judgment of the circuit
 
 *113
 
 court in the case referred to), “that these terms give the same efficacy, and none other, to those statutes, in the federal, that they have
 
 (proprio
 
 vigore) in the state courts. And yet, unless this doctrine of enlargement can be maintained, it is difficult to perceive, on what ground, the case of the defendant can be supported. The statutes of Massachusetts could not originally have contemplated suits by the United States, not because they were in substance enacted before the federal constitution was adopted, on which I lay no stress; but because it was not within the legitimate exercise of the powers of the state legislature. It is not to be presumed, that a state legislature mean to transcend their constitutional powers; and therefore, however general the words may be, they are always restrained to persons and things over which the jurisdiction of the state may be rightfully exerted. And if a construction could ever be justified, which should include the United States, at the same time that it excluded the state, it is not to be presumed, that congress could intend to sanction a usurpation of power by a state, to regulate and control the rights of the United States. In the language of the act of 1789, it could not be a case where the laws of the state could apply. The mischiefs, too, of such a construction, would be very great. The public rights, revenue and property, would be subject to the arbitrary limitations of the states; and the limitations are so various in these states, that the government would hold its rights by a different tenure, in each.” 2 Mason 315.