The People
v.
Rossiter.

A motion was now again made for a re-taxation.

*Where the plaintiff recovers in the supreme court, a sum which carries common pleas costs only, he is not allowed counsel fees, at the supreme court rate.*

*Semb.* he cannot be allowed counsel fees, as such, for any service of counsel, there being no rate fixed for the service ( counsel in th C. P.

---

### THE PEOPLE *against* ROSSITER, Gentleman, one, &c.

JUDGMENT was obtained against the defendant, an attorney of this Court, for clerk's fees due to the plaintiffs, debt, &c. (sess. 42, ch. 101,) does not extend to a debt due the people of this state. Nor, *semb.* does any insolvent or bankrupt law, unless the people are named in it.

*A discharge under the act to abolish imprisonment for*

ALBANY,
Feb. 1825.

Fuller
v.
Roosevelt.

under a *ca. sa.* upon which judgment he was imprisoneu, after he had obtained his discharge under the act to abolish imprisonment for debt in certain cases. (Sess. 42, ch. 101.) The assignment was executed after the debt arose; and now, on an affidavit showing these facts,

*J. R. Lawrence,* moved that he be discharged. He relied on the broad and unqualified words of the 3d section; that the debtor shall be exempt from imprisonment *for, or by reason of any debt or debts,* due at the time of making the assignment, &c. Here is no exception, he said, of debts due to the people; and none should be implied.

*Talcott,* (Attorney General,) contra, said that general words would not bind the people. They are not named; and the rule as to them, under this act, is the same which prevails as to the king, under the English bankrupt laws. He is not bound because not named.

*Curia.* The motion must be denied. The people are not bound by an act of this kind, unless they are named in it. The rule is the same as in England. The king is not bound by a bankrupt law unless named;(a) and the people are the king for the purposes of this rule.

Motion denied.

(a) *Anonymous,* 1 Atk. 262. *Rex* v. *Pixley,* Bunb. 202. This question is fully examined in reference to the statute of limitations by Mr. Justice Story in *U. States* v. *Hoar,* (2 Mason's Rep. 311–12, &c.) and vid. *U. States* v. *Wilson,* (8 Wheat. 253,) that a state insolvent law shall not bind the United States.