Strozier *vs.* Howes, Hyatt & Co.

STROZIER (next friend) *vs.* HOWES, HYATT & CO.

1. In the exercise of the jurisdiction confided respectively to the State Courts and those Courts of the United States, (where the latter have not appellate jurisdiction), it is plain that neither can have any right to interfere with, or control the operations of the other. It accordingly has been settled, that no State Court can issue an injunction upon any judgment in a Court of the United States, the latter having an exclusive authority over its own judgments and proceedings.

In Equity, from Dougherty Superior Court. Decision by Judge ALLEN, June Term, 1860.

Ann E. Nix, by her next friend, filed her bill in equity, alleging, among other things, that the defendants in error had caused *fi. fas.* to be levied upon certain property, as the property of Samuel H. Nix, which belonged to him as trustee for her, under and by virtue of a marriage settlement, etc.

Strozier *vs.* Howes, Hyatt & Co.

The bill prayed for an injunction restraining the sale of said property, which was accordingly granted.

Subsequently, the defendants filed answers exhibiting the *fi. fas.* referred to in the bill, as having been levied on the property in question ; when it appeared that said *fi. fas.*, being two in number, issued out of the Sixth Circuit Court of the United States for the Southern District of Georgia, upon judgments therein obtained. It also appeared by said answers, that the plaintiffs therein resided out of the State.

On the coming in of the answers showing these facts, counsel for defendants moved to dismiss said bill for want of jurisdiction. Which motion the Court granted on that ground, and counsel for complainant excepted.

STROZIER, for plaintiff in error.

HINES & HOBBS, *contra.*

*By the Court*—LUMPKIN, J., delivering the opinion.

The only question in this case is, can the State Courts restrain, by process of injunction, executions issuing from the Circuit Court of the United States? And this doctrine is too well settled to admit of doubt.

Mr. Justice Story says: "In the exercise of the jurisdiction confided respectively to the State Courts and those Courts of the United States, (where the latter have not appellate jurisdiction), it is plain, that neither can have any right to interfere with or control the operations of the other. It has accordingly been settled, that no State Court can issue an injunction upon any judgment in a Court of the United States, the latter having an exclusive authority over its own judgments and proceedings:" 3 *Story's Com. on the Constitution,* sec. 1751, *citing McKinn vs. Bookis,* 7 *Cranch,* 279 ; 1 *Kent's Com., Ed.* 19, *p.* 382 *to* 387 ; 2*d Ed.,* 409 *to* 412.

And again, in section 1752 : "No State Legislature or State Court can have the slightest right to interfere ; and Congress are not even capable of delegating the right to them."

On the other hand, the national Courts have no authority (in cases not within the appellate jurisdiction of the United States) to issue injunctions to judgments in the State Courts

or in any other manner to interfere with their jurisdiction or proceedings : 3 *Story's Com. on Con.*, sec. 1753 ; *Diggs vs. Walcott*, 4 *Cranch*, 178 ; 1 *Kent's Com.*, sec. 15, *p.* 301, (2d *Ed.*, 321) ; *Ex parte Cabrera*, 1 *Wash.*, *C. C. Rep.*, 232 ; 1 *Kent's Com.*, sec. 19, *p.* 386, (2d *Ed.*, 411, 412) ; 8 *Wheaton*, 253.

And this is indispensably necessary to avoid collision between the two governments.

If this be a proper case for an injunction, application can be made to the Circuit Court of the United States where the judgments were obtained and from which the executions issued.    If an ordinary case, trespass or trover can be brought.