THE STATE, EX. REL. JOHN CLEMENTS, v. THE COURT OF COMMON PLEAS OF CAMDEN COUNTY.

1. The insolvent laws are not available to persons imprisoned for debts or penalties due to the state itself.

2. Persons imprisoned on judgments recovered under the sixty-second or the sixty-sixth sections of the Insurance Companies act cannot be released by proceedings under the insolvent laws, against the objection of the state, because these laws do not discharge the debts of unwilling creditors, and persons so imprisoned are required to be held until their debts are discharged.

---

On application for *mandamus*.

This proceeding brings before the court for review the refusal of the Court of Common Pleas of the county of Camden to fix a day to hear what could be alleged for or against the discharge of the relator as an insolvent debtor.

The relator was taken into custody March 25th, 1889, by David Baird, esquire, sheriff of Camden county, and imprisoned in the common jail of that county, where he has since been confined, under and by virtue of a *capias ad satisfaciendum*, issued out of the Supreme Court of this state at the suit of Charles E. Hendrickson, prosecutor of the pleas, on information, for the violation of an act of the legislature of the State of New Jersey, entitled "A supplement to an act to provide for the regulation and incorporation of insurance companies, approved April 9th, 1875," which said supplement was approved March 8th, 1877, under the terms of which said writ the said sheriff was directed " To take the body of said John Clements and him safely keep in the county jail until he shall pay and satisfy to the State of New Jersey the sum of five hundred dollars debt and thirty-four dollars and seven cents costs of suit." On the first day of the May Term of the Court of Common Pleas of Camden county, where the relator was confined, the relator filed a true and perfect inventory of his goods, chattels and lands, with a list of all his creditors, and formally made application for the court to set a time and place to hear the proof of the relator's insolvency. The court declined to set a time and dismissed the application.

The only question requiring adjudication by this court is, whether the relator is entitled to be heard as to his insolvency.

Argued at June Term, 1889, before Justices KNAPP and DIXON.

For the relator, *J. Willard Morgan.*

*Contra, C. E. Hendrickson.*

The opinion of the court was delivered by

DIXON, J. Under the decision in *Brophy* v. *Perth Amboy*, 15 *Vroom* 217, it must be held that persons confined in jail on execution in actions of debt, for penalties incurred to others than the state, by violation of a statute or municipal ordi-

nance, are entitled to the benefit of the "Act for the relief of persons imprisoned on civil process." *Rev., p.* 497.

Whether this rule extends to proceedings which have not the form of civil actions, for example, to such as are prescribed by the sixty-second and sixty-sixth placita of the " Insurance Companies act" (*Rev., p.* 506), may be debatable. But, without considering that question, there are two grounds on which, we think, the present application should be denied.

First, the prisoner is held at the suit of the state itself, and, as the insolvent laws do not expressly mention, or, by necessary intendment, embrace the state among the creditors who are to be affected by a discharge of the debtor under their provisions, the state is not so affected. *Appleton* v. *Hopkins,* 5 *Gray* 530; *People* v. *Rossiter,* 4 *Cow.* 143; *Den* v. *O'Hanlon,* 1 *Zab.* 582; *Trustees of Public Schools* v. *Trenton,* 3 *Stew. Eq.* 667, 684.

The state is entitled to this protection for penalties adjudged to it as well as for its ordinary debts. *Butler* v. *Butler,* 1 *East* 338.

Nor is the application of this rule in the present case rendered improper by the fact that, the legislature has directed that the penalty, when recovered, shall be paid, one-half to the charitable fund of some fire department in the county where the offence was committed, and the other half to the complainant. Neither of these beneficiaries acquires any claim to the penalty, the suit or the judgment, all of which belong to the state exclusively. The claim of either beneficiary first attaches when the money is paid into the hands of the state's agent, and then only by reason of the continuing direction from the state to its agent as to the disposition of the fund. With regard to that portion now ordered to be paid to some fire department, the direction is a pure gratuity, and the state could, without the slightest imputation of illegality or dishonor, appropriate it to any other public purpose, at any time before it had been actually transferred to the designated fund. Until so transferred it is the property of the state as completely as any other money held by its agents.

It therefore follows that the state is not to be barred of its remedy for enforcing payment of this judgment by any proceedings under the insolvent laws.

The second ground on which this application should be denied is, that a discharge of the prisoner, under the insolvent laws, is forbidden by the terms of the statute under which he is confined. This statute was passed long after the insolvent laws, and therefore overrides so much of them as are inconsistent with its provisions. It directs that the person, against whom a judgment for this penalty is obtained, shall be committed to the county jail until the fine and costs are paid or otherwise discharged. This language fixes the duration of the imprisonment with too much precision to admit of doubt. It is to end only when the fine and costs are paid or otherwise discharged. If the insolvent laws provided for discharging the *debts* of unwilling creditors, it might be said that the legislature, when using this language, had in view these laws as one method by which the offender could be released. But they do not. They only provide, in such cases, for terminating the debtor's imprisonment and liability to imprisonment for existing debts, leaving the debts themselves as valid as before.

The only mode in which such a debt as the present can be discharged, without payment, is by the action of the Court of Pardons, which, according to the constitution, has power to remit fines and forfeitures; and it seems highly probable that the legislature intended to leave to this tribunal to decide when offenders against this statute, who would not pay the pecuniary penalty, had been sufficiently punished.

Let the rule for a *mandamus* be discharged.