[No. 19342.   Department One.—September 1, 1894.]

## F. F. SKELLY, APPELLANT, *v.* WESTMINSTER SCHOOL DISTRICT OF ORANGE COUNTY, RESPONDENT. J. W. MORRISON, INTERVENOR, APPELLANT.

STATUTORY CONSTRUCTION—STATE, EXCEPTED FROM GENERAL WORDS.— The state is not bound by general words in a statute which would operate to trench upon its sovereign rights, or injuriously affect its capacity to perform its functions or establish a right against it.

ID.—ATTACHMENT—GARNISHMENT—SCHOOL DISTRICT.—The state cannot be subjected to garnishment upon a claim against it; and a school district is but an instrumentality of the state, the trustees of which are special agents without general power to represent the district, and cannot be garnished in an attachment suit by a third party against its creditor.

ID.—PAYMENT OF DEBT OF SCHOOL DISTRICT UNDER EXECUTION AGAINST CREDITOR—ASSUMPTION OF RISK.—A school district may voluntarily pay the amount of a debt due to its creditor to the sheriff, while the sheriff has in his hands an execution issued upon a valid judgment against the creditor of the district; but the officers of the district in such case assume the risk of showing that the debt existed against the school district.

ID.—PLEADING—JUDGMENT BY DEFAULT.—Where the answer of the school district pleads that the judgment upon which the payment was made under execution was one upon which a default was entered by the clerk, and that judgment was thereupon entered by him, the answer is not defective because it also avers that the judgment by default was duly given and made by the clerk."

ID.—RETENTION OF EXECUTION BY ATTORNEY—PAYMENT TO SHERIFF.—The fact that the execution upon the judgment was retained by the attorney of the plaintiff until after an order was procured from the school trustees, and a requisition from the school superintendent for a payment of the debt due from the school district to the execution defendant, is not material, if before the money was paid the sheriff took the execution and received the money from the treasurer.

APPEAL from a judgment of the Superior Court of Orange County, and from an order denying a new trial.

The facts are stated in the opinion.

*Victor Montgomery;* for Appellant.

The debt due by the school district was not subject to garnishment or execution, as upon the ground of public policy they should be exempted from garnishment.

(*Hawthorn* v. *St. Louis*, 11 Mo. 59; 47 Am. Dec. 141;
*City of Erie* v. *Knapp*, 29 Pa. St. 173; *McLellan* v.
*Young*, 54 Ga. 399; 21 Am. Rep. 276; *Born* v. *Williams*,
81 Ga. 796; *Waldman* v. *O'Donnell*, 57 How. Pr. 215;
*Switzer* v. *City of Wellington*, 40 Kan. 250; 10 Am. St.
Rep. 196; *Fortune* v. *St. Louis*, 23 Mo. 239; *State* v. *Cur-
ran*, 12 Ark. 321, 364; *Buchanan* v. *Alexander*, 4 How.
20; *Train* v. *Herrick*, 4 Gray, 534; *Chealy* v. *Brewer*, 7
Mass. 259; *Ward* v. *Hartford Co.*, 12 Conn. 409; *Bulk-
ley* v. *Eckert*, 3 Pa. St. 368; 45 Am. Dec. 650; *Ross* v.
*Allen,* 10 N. H. 96; *Millison* v. *Fisk*, 43 Ill. 112; *Hightower*
v. *Slaton*, 54 Ga. 108; 21 Am. Rep. 273; *Bivens* v. *Harper*,
59 Ill. 21.)    Statutes providing that any person may be
summoned as garnishee are not to be construed as
including such bodies. (*Mayor etc.* v. *Root*, 8 Md. 95; 63
Am. Dec. 692; *Bradley* v. *Town of Richmond*, 6 Vt. 121.)
Even though the law provide that the word " person,"
when used in a statute, shall be construed as including
corporations as well as natural persons. (*Mayor* v. *Row-
land*, 26 Ala. 498; *Clark* v. *Mobile School Commrs.*, 36 Ala.
621; *Underhill* v. *Calhoun*, 63 Ala. 216; *Merwin* v. *City
of Chicago*, 45 Ill. 133; 92 Am. Dec. 204; *Buffham* v.
*City of Racine*, 26 Wis. 449; *City of Memphis* v. *Laski*, 9
Heisk. 511; 24 Am. Rep. 327.)

*F. O. Daniel*, for Intervenor and Appellant.

*James G. Scarborough*, for Respondent.

A debt due from a school district is subject to attach-
ment. (*Waterbury* v. *Board*, 10 Mont. 515; 24 Am. St.
Rep. 67.)    The statute applies to "all persons," and a
school district is a person within the meaning of the law.
(Code Civ. Proc., secs. 541, 542, 544, 545; *Douglass* v.
*Pacific Mail S. S. Co.*, 4 Cal. 304; *People* v. *Oakland*, 92
Cal. 614; *City of Pasadena* v. *Stimson*, 91 Cal. 248.)

TEMPLE, C.—This action was brought to recover three
hundred and ninety-four dollars alleged to be due for
work and materials performed and furnished in the
building of a schoolhouse.    It is alleged that the claim

has been allowed to the extent of three hundred and fifty dollars.

The defendant in its answer denies that the value of the services and materials exceeded three hundred and fifty dollars, and as to that sum pleads payment as follows: That on the sixth day of April, 1892, the Newport Wharf and Lumber Company, a corporation, commenced an action against the plaintiff to recover five hundred and forty-five dollars and five cents, and had summons and a writ of attachment issued on the same day, which said writ of attachment was on that day duly served on the defendant.

That thereafter such proceedings were had that on the eleventh day of May, 1892, a judgment by default was duly given and made by the clerk of said court in favor of said corporation against said Skelly for five hundred and forty-nine dollars and thirty-nine cents and costs.

That on the sixth day of July, 1892, an execution was issued in said action against the property of said Skelly, and July 11, 1892, the sheriff served upon the defendant a copy of the execution with a notice that by virtue of said writ he levied upon all the moneys, goods, credits, effects, debts due and owing, or any personal property in its possession or under its control belonging to said defendant therein, and at the same time demanded payment of such debt or delivery of such personal property. Thereupon, in pursuance of said notice and demand, and before the return of said writ, the defendant paid to said sheriff the amount of said debt due from said defendant to the plaintiff, and took his receipt for the same.

The court found for the defendant, and the findings of fact follow closely the language of the answer.

The intervenor avers in his complaint of intervention that he is a creditor of this plaintiff, and on the sixth day of April, 1891, commenced an action against this plaintiff to recover the sum of two hundred and eighteen dollars and eighty-five cents; that on the same day

a summons and writ of attachment were duly issued in said action and served on this plaintiff—defendant in that action.

That on the same day the writ of attachment was served on this defendant by delivering to it a copy with the notice required by the statute.

That April 12th judgment was duly entered against said Skelly in favor of the intervenor, and April 15, 1892, execution was issued upon the judgment, by virtue of which the constable having the writ levied upon the debt due from defendant to Skelly, May 13, 1892.

That after the claim of the defendant had been allowed to the extent of three hundred and fifty dollars, the constable made due demand for the amount of the execution, but defendant refused to pay the same or any part thereof.   The execution was thereafter returned wholly unsatisfied.

The defendant and the intervenor, it will be seen, both claim that the admitted debt to the plaintiff has been levied upon under attachment and execution. The plaintiff contends that a school district is not subject to such process.

Subdivision 5 of section 542 of the Code of Civil Procedure reads as follows:

"5. Debts and credits, and other personal property not capable of manual delivery, must be attached by leaving with the person owing such debts, or having in his possession or under his control such credits and other personal property, or with his agent, a copy of the writ and a notice that the debts owing by him to the defendant, or the credits and other personal property in his possession, or under his control, belonging to the defendant, are attached in pursuance of such writ."

The question is whether a school district is a "person" within the meaning of this section.

*Mayrhofer* v. *Board of Education*, 89 Cal. 110, 23 Am. St. Rep. 451, was a case in which it was sought to foreclose a mechanic's lien upon a public schoolhouse. The constitution provides that laborers of every class and

materialmen should have a lien upon the property upon which they have bestowed labor or furnished materials, and the legislature was required to provide by law for the speedy enforcement of the liens.

The legislature by law provided that such persons should have liens for the labor or material used in the construction of any building or other structure.

The language is general, and in its usual sense would include a schoolhouse, for that is a building and a structure. But it was held that the statute did not apply to public buildings. The rule is that the state is not bound by general words in a statute which would operate to trench upon its sovereign rights, or injuriously affect its capacity to perform its functions or establish a right against it.

In *Savings Bank* v. *United States*, 19 Wall. 239, it is said: "The most general words that can be devised (for example, any person or persons, bodies politic or corporate) affect not him (the king) in the least, if they tend to restrain or diminish any of his rights or interests. . . . . The rule thus settled respecting the British crown is equally applicable to this government, and it has been applied frequently in the different states and practically in the federal courts.

In a note to *People* v. *Herkimer*, 15 Am. Dec. 382, some illustrations of the application of the rule are given.

The state is not bound by a statute of limitations unless it is expressly so provided; nor by a statute limiting a time during which a judgment shall be a lien (*Commonwealth* v. *Baldwin*, 1 Watts, 54; 26 Am. Dec. 33); an act abolishing imprisonment for debt. (*People* v. *Rossiter*, 4 Cow. 143; *United States* v. *Wilson*, 8 Wheat. 253.)

Rules of procedure generally do apply. But this principle does not go to the extent that where a right of action is given it authorizes a suit against the state.

The special phase of this question, as applicable to garnishment, is discussed in *Divine* v. *Harvie*, 7 T. B. Mon. 439; and in a note to that case, 18 Am. Dec. 200,

the authorities upon the subject are collected and discussed.

That was a creditor's bill founded upon a statute of Kentucky, authorizing the court of chancery, upon return of an execution *nulla bona,* to subject to the satisfaction of the judgment any chose in action, etc., belonging to the judgment debtor. It was said that this act did not include a claim of the debtor against the state.

It was pointed out that such a proceeding might cause great detriment to the state, and then the auditor and treasurer were not authorized to determine for the state the right of the attaching creditor to apply the debt to the satisfaction of the judgment.

That receives illustration in this case. Plaintiff claims that the officers of the school district have paid the claim of one of his alleged creditors without right, and when there was no valid levy or judgment. The law has not given these officers the authority to determine these questions at the peril of the district.

*Merwin v. City of Chicago,* 45 Ill. 133, 92 Am. Dec. 204, was a case in which an attachment, having been sued out against one Nicolson, the city of Chicago was summoned as garnishee. On motion the city was discharged without having answered, and an appeal was taken. The court said: "The question has been often before the American courts, and, although the decisions are not uniform, in a large majority of the cases it has been held the writ would not lie. The reason given for these decisions is uniformly the same, and is substantially that given by this court in the case in 25 Illinois. It must be decided as a question of public policy. These municipal corporations are in the exercise of governmental powers to a very large extent. They control pecuniary interests of great magnitude, and vast numbers of human beings who are more dependent on the municipal, for the security of life and property, than they are on either the state or the federal government. To permit the great public duties of this corporation to be imperfectly performed, in order that individuals may the better collect their

private debts, would be to pervert the great objects of its creation. . . . . We understand, however, the counsel for the appellant to concede that money due municipal officers, agents, or contractors is not liable to garnishment, but, it is insisted, if the city had been required to answer, the alleged indebtedness in the present case would not have fallen in either of these classes. But, in our opinion, the city should not be subjected to this species of litigation, no matter what may be the character of its indebtedness. If we hold it must answer in all these cases, and the exemption from liability be allowed to depend in each case upon the character of the indebtedness, we still leave it liable to a vast amount of litigation in which it has no interest, and obliged to spend the money of the people and the time of its officials in the management of matters wholly foreign to the object of its creation."

The annotator, above cited, reaches the same conclusion, after citing numerous cases.

If such be the rule as to municipal corporations, a fortiori such must be the rule as to school districts. A distinction exists between municipal corporations which are generally called into existence with the consent of the inhabitants for local and private advantage, and counties, school districts, and other political divisions, which are created for state purposes. (Dillon on Municipal Corporations, sec. 23.)

"The school district or road district is invested by general enactments, operating throughout the state, with a corporate character, the better to perform within and for the locality its special function which is indicated by its name. It is but an instrumentality of the state, and the state incorporates it that it may the more effectually discharge its appointed duty. So with counties. They are involuntary civil or political divisions of the state, created by general laws to aid in the administration of the government." (Dillon on Municipal Corporations, sec. 25.)

They are *quasi* corporations of the most limited powers known to the laws. The trustees have special powers, and cannot exceed the limits. They are special agents without general power to represent the district. In this state, for many purposes, the supervisors represent the district, and in others the county superintendent.

They may be sued, it is true, but this does not enlarge the scope of their powers. On the other hand, some of the powers of a city may be considered private, as they are for the special advantage of the municipality as distinct from the general public.

School districts being, like counties, political subdivisions of the state, can be sued only by permission of the state. Their funds are all devoted by statute to specific purposes. A garnishment may be regarded as a suit brought in the name of, and on behalf of, one who claims to be a creditor. One question to be determined may be whether the defendant in the process is a creditor. If subject to the writ, the corporation will be required to respond and submit to a determination of the question. The determination will not bind the alleged creditor.

In accordance with the current of authority and with principle I think it must be held that a school district cannot be garnisheed.

But the same reasoning does not tend to show that when the school district has paid the amount of the debt to the sheriff, while the sheriff had in his hands an execution issued upon a valid judgment against the creditor of the district, such payment may not be valid. Section 716 of the Code of Civil Procedure in no way trenches upon the sovereignty of the state; nor does it impose upon any officer of the state any duties which can embarrass his performance of official duties. The fact that the word "person" occurs in this section, and also in the provisions in regard to garnishment, does not show that unless one applies the other cannot. No doubt, the school district is a person within the code

definition. The decision is not placed upon the ground that the language is not sufficiently broad to include the political divisions of the state, but because laws made primarily to provide for individual rights will not be presumed to include the state when the effect might be to authorize a suit against the state, or embarrass it in the discharge of its functions. Nothing of this kind would result if the officers should voluntarily, acting under section 716, pay the debt. The officers, of course, still take some risks. If no such debt existed against the corporation, or if for any reason the execution were invalid, loss might fall upon the officers making the payment. Their only authority in the premises is the section under discussion, and they must be sure that all the necessary conditions exist to justify their action.

It is contended that the demurrer to the second defense should have been sustained. The point is that the judgment upon which the execution was issued is not well pleaded.

It is averred that judgment by default was "duly given and made by the clerk of said court."

It is not a case in which the pleader was taking advantage of the statutory mode of pleading in lieu of setting out the procedure in detail. There is a sufficient detail of the procedure in the answer, and the averment substantially sets out that default was entered by the clerk, and thereupon judgment entered by him. This the statute authorizes. At all events, as the functions of the clerk are well known, and he is a mere ministerial officer of the court, the inaccuracy could have misled no one.

I do not think the affidavits in regard to newly discovered testimony entitle appellant to a new trial. It seems that an execution was issued on the 6th, but was retained by the attorney of the Newport Wharf and Lumber Company. The attorney had evidently informed the sheriff of the fact, and he commenced his efforts to find property as though he actually had it in

his hands; an order was procured from the school trustees and a requisition from the school superintendent; then, before the money was paid, the sheriff took the execution and received the money from the treasurer. This was a literal compliance with the statute. No doubt both the sheriff and the attorney representing the creditor considered the execution as already delivered to the sheriff. The statute does not require that, however.

If the views herein expressed are correct it is unnecessary to discuss the case of the intervenor. I recommend that the judgment and order be affirmed.

BELCHER, C., and SEARLS, C., concurred.

For the reasons given in the foregoing opinion, the judgment and order appealed from are affirmed.

GAROUTTE, J., VAN FLEET, J., HARRISON, J.