[Sac. No. 802.   Department Two. — September 27, 1901.]

A. W. SIMPSON et al., Respondents, v. F. C. GAMACHE, Appellant; and SOUTH SCHOOL DISTRICT, etc., et al., Respondents.

BUILDING CONTRACT FOR SCHOOLHOUSE — AGREEMENT FOR PAYMENT OF MATERIAL-MEN — LIEN UPON MONEY DUE — APPEAL OF CONTRACTOR. — A building contractor, who agreed that money due for building a schoolhouse should be applied by the school district first to pay all claims for materials furnished, and that he should receive the residue only, cannot complain of a judgment properly rendered against himself in favor of material-men, merely because the amount is made by the judgment a lien and charge upon the unpaid moneys in the hands of the school district and its trustees, from which no appeal is taken by them. The contractor cannot avail himself of technical error against defendants not appealing.

ID. — ORDER OF CONTRACTOR — EFFECT OF PAYMENT BY SCHOOL TRUSTEES. — The contractor, having expressly ordered the trustees of the school district to pay the claims of material-men, will be discharged from further liability to the plaintiffs, who are material-men, if such trustees should voluntarily pay the judgment properly rendered against him in favor of the plaintiffs, and cannot complain of such payment.

APPEAL from a judgment of the Superior Court of San Joaquin County.   Joseph H. Budd, Judge.

The facts are stated in the opinion.

A. H. Carpenter, for Appellant.

Nicol, Orr & Nutter, for Plaintiffs, Respondents.

O. B. Parkison, for South School District and Trustees, Respondents.

CHIPMAN, C.—Action to recover the value of certain building materials furnished by plaintiffs to defendant Gamache, the contractor, and used by him in the construction of a schoolhouse for South School District, San Joaquin County. The district and its trustees were made parties defendant; also, Masters and Thompson, who were sureties on the contractor's bond. The court gave judgment for plaintiffs, against Gamache, the school district, and its trustees, naming them, for the sum of $419.88 and costs to suit; also, that "plaintiffs have a lien upon and charge against the sum of $1,219.11, the sum unpaid upon the contract of Gamache, in the hands of South School District, San Joaquin County, and the trustees thereof"; and that said trustees "pay to plaintiffs, out of said sum of $1,219.11, the sum of $419.88 and said costs." It was adjudged that plaintiffs take nothing as to defendants Masters and Thompson. Defendant Gamache appeals from the judgment; no other defendants appeal. The court found the following among other facts: That on August 26, 1897, Gamache and the school district entered into a written agreement for the construction, by Gamache, of a schoolhouse, at the cost to the district of $3,289, payable in installments as the work progressed. It was agreed that as installments were due they should be delivered to the clerk of the board, and he "should pay out of said installments all amounts due for materials furnished by any person to said Gamache, and that he, the said Gamache, should receive only such sum as should remain due after the payment of materials furnished by any person to him, the said Gamache." There is a finding as to the bond, but no question arises out of this feature of the case. Gamache "performed work, and furnished materials to be used, and which were used, in the construction of said building, as required by his said contract." Plaintiffs furnished materials to Gamache, at his request, which were used in the construction of the building, from time to time, between December 11, 1897,

and January 20, 1898, for which Gamache agreed to pay $419.88, which was the reasonable value thereof. The building was fully completed Febuary 28, 1898, and on March 24, 1898, within thirty days from the completion of the building, plaintiffs filed a verified statement of their claim with the trustees, together with a statement that the same had not been paid, and within ninety days thereafter they commenced this action. On January 20, 1898, Gamache gave plaintiffs an order upon defendant Grider, clerk of the board of trustees, for $419.88, the amount due plaintiffs from Gamache, which was duly presented to Grider on the same day, and payment was demanded and refused. On January 29, 1898, while Gamache was performing the work required of him under his contract, the trustees of the district, against his will, entered into possession of the building, and took from him the possession thereof, and thereafter excluded and prevented him from the execution and performance of his said contract. The district paid Gamache $1,644.50, the amount of the first two installments provided for by the contract. Thereafter the district paid $236.50 to the Stockton Lumber Company, on the order of Gamache; also, $78.27 for hardware provided for by the contract, and also $10 to the Stockton Iron Works for hardware required by the contract, but no other or further payments were made, and there is unpaid of the contract price $1,219.11. There was no failure on Gamache's part to perform his contract, nor was the district compelled, by reason of any failure of Gamache, to furnish or supply labor or materials, or do any of the carpenter or other work, and the district suffered no damage by Gamache's failure to perform his part of the contract. Such work as the trustees did after taking possession was done with the materials supplied by Gamache, or by others at his instance and request, and such materials were actually used by the trustees in completing the building.

Appellant claims, — 1. That there was no privity of contract between plaintiffs and the district or its trustees, and the money for the erection of the building was due the contractor, and not plaintiffs, and the judgment ordering the money to be paid plaintiffs was, in effect, a garnishment of the district, of the public moneys in its hands, which were to be paid the contractor (citing *Skelly* v. *Westminster School District*, 103 Cal. 652); 2. As the materials were furnished by plaintiffs to the contractor, and not to the district, it was error to render

judgment against the district for the contractor's obligations (citing *Covell* v. *Washburn*, 91 Cal. 560); 3. The money that was due the contractor was public money, and plaintiffs were not entitled to a lien upon or charge against such money (citing *Mayrhofer* v. *Board of Education*, 89 Cal. 110.[1])

Counsel for appellant states in his brief: "The contractor, Gamache, was satisfied with the findings and judgment, excepting that portion thereof awarding judgment against the district for the amount due plaintiffs from him alone for said materials, and ordering the money due said contractor for his labor and materials to be paid by said trustees to plaintiffs, and giving them a lien upon and charge against said public moneys in the hands of the county treasurer, which otherwise would have been paid to him, and from those portions of said judgment the contractor appealed." And appellant asks that the judgment be modified, discharging the lien on the money, and also the order directing payment to plaintiffs, and that the district be released from all liability to plaintiffs.

Gamache's contract was, that as installments became due and orders were drawn the money should be delivered to the clerk of the board and be by him paid out "for materials furnished by any person to said Gamache," and he "should receive only such sum as should remain due after the payment of the materials furnished by any person to him." The court has, in its judgment, carried out the agreement of the parties, and as neither the district nor the trustees appeal, we do not see that Gamache can complain if the judgment was unauthorized as to the non-appealing defendants. His complaint that the money which should first come to him is tied up in the hands of the district, and he is thus injured, is not well founded, since his contract was that the money should go first to pay any person who furnished to him materials for the building, and that he was to "receive only such sum as should remain due after the payment of the materials furnished by any person to him." He gave his order on the trustees to plaintiff, for the payment of the money, which order they still hold. Their failure to appeal indicates a willingness now to pay it, on the judgment of the court, and we cannot see that appellant would be injured in the slightest degree by the execution of the judgment. He does not dispute the indebtedness, nor

[1] 23 Am. St. Rep. 451.

does he deny that the amount claimed by plaintiffs is due, and should be paid out of the money against which he drew his order in favor of plaintiff. He is seeking to avail himself of alleged technical error, which, if error, can only affect defendants who do not appeal. He is in no position to raise the questions presented by him. If the district pays the judgment, as it doubtless will do, he will be discharged from further liability to plaintiffs; if the district does not pay the judgment, appellant should do so.

We can discover no merit in the appeal, and therefore advise that the judgment be affirmed.

Gray, C., and Smith, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.    McFarland, J., Henshaw, J., Temple, J.

Hearing in Bank denied.