[Civ. No. 445.   Second Appellate District.—July 9, 1908.]

# S. A. GOLDTREE, Respondent, v. CITY OF SAN DIEGO et al., Defendants; P. A. HOWARD et al., Appellants.

Mechanics' Liens—Equitable Liens upon Sewer Improvement Fund—Laborers Employed by Subcontractor—Improper Judgment Against Contractors.—In an action to enforce equitable liens upon a sewer street improvement fund in a city treasury, under notices to the city in pursuance of section 1184 of the Code of Civil Procedure, laborers employed by a subcontractor who had abandoned his work, which was completed by the contractors, are entitled to enforce their equitable liens upon the fund to the extent of the amount earned by the subcontractor, but are not entitled to personal judgment against the contractors, and the judgment enforcing their equitable liens must be modified by striking out such personal judgment improperly entered in the superior court.

Id.—Right to Mechanics' Liens Both Constitutional and Statutory.—Mechanics' liens are protected by section 15 of article XX of the constitution; and it is only as the terms "statutory" and "statutory law" are intended to include the constitution, as well as acts of the legislature, that they can be said to create the right to a mechanic's lien.

Id.—Methods of Enforcing Lien—Record—Notice to Holder of Fund.—Two methods are provided by law for giving notice of a claim of lien: one, by recording the claim against the property under section 1183 of the Code of Civil Procedure, and the other, by notice to the holder of the fund earned by the claimant under section 1184 of the same code.

Id.—Public Structure—Exclusive Method.—The policy of the law forbids the enforcement of a lien upon a public structure; and, in such case, the exclusive method of enforcing a lien is by notice to the holder of the fund provided to pay therefor.

Id.—Liens upon Fund of Equitable Cognizance.—Liens upon a fund are as fully of equitable cognizance, as in the case of liens upon property, notwithstanding the liens upon the fund are created by law.

Id.—Interest of City as Stakeholder—Costs.—The interest of a city in a fund in its treasury to pay for a sewer improvement, which is the subject of equitable litigation, is that of a stakeholder. The fund alone is the subject of the lien; and no costs of litigation can be imposed upon the city.

Id.—Construction of Constitution—Suits Against Municipalities. The provisions of section 6 of article XX of the constitution as to

suits against the state are not to be construed as extending to suits against municipalities.

ID.—JURISDICTION OF SUIT TO REACH FUND IN CITY TREASURY.—Where a judgment is not sought against the city, but only against a fund in its treasury, the court has jurisdiction to render a suitable judgment in the cause to which the city is a party.

ID.—ASSIGNMENT OF EQUITABLE LIENS ACQUIRED BY NOTICE.—The equitable liens of laborers which have been fully acquired by notice to the city in relation to the fund in its treasury are assignable, and may be enforced in equity, as liens on the fund by the assignee.

APPEAL from a judgment of the Superior Court of San Diego County. N. H. Conklin, Judge.

In this appeal, No. 445, and in appeal No. 472, an opinion was rendered on January 10, 1908, covering both appeals. Subsequently a rehearing was granted by the district court of appeals in both appeals. The opinion on the rehearing of this appeal, which is reported below, adopts the opinion rendered on January 10, 1908, and quotes it *in extenso*. The further facts are stated in the opinion of the court.

Cassius Carter, for Appellants.

S. F. Smith, and Collier, Smith & Hoff, for Respondent.

ON REHEARING.

TAGGART, J.—It being assumed upon the former decision of this appeal that the errors relied upon on the appeal from the judgment were the same as those presented on appeal No. 472, which was considered with it, the error of the trial court in awarding a personal judgment against the defendants Howard and Long escaped attention.

We are satisfied that while the laborers working for the subcontractor, Stabler, were entitled to have that portion of the sewer fund earned by their labor applied to the payment of their claims, they were not entitled to a personal judgment against the contractors.

In other respects we are satisfied with the opinion of this court filed in appeals Nos. 472 and 445 on the tenth day of January, 1908, which opinion is as follows:

"Both of these appeals relate to a consolidated action to enforce an equitable lien upon a sewer improvement fund in the treasury of the city of San Diego claimed by plaintiff as the assignee of forty-eight laborers who worked upon the sewer system for which said fund was provided.

"Judgment was for plaintiff. Appeal No. 445 is by all the defendants, other than the city of San Diego, and is from the judgment and from an order denying their motion for a new trial. No. 472 is an appeal by the city of San Diego from a part of the judgment. These two appeals are brought up on separate records, but were submitted together by consent of the respective parties, and the briefs in each case are considered as if filed in both.

"Upon the oral presentation of Appeal No. 445 it was stated by the presiding justice of this court that if the papers claimed to have been omitted from the transcript were deemed necessary for a full consideration of the cause upon its merits, counsel for appellants would be notified and permitted to supply the same. Since these papers are all before us in the record in No. 472, the causes will be heard as if upon a consolidated record embracing both transcripts, and the objections to the transcript in No. 445 will not be considered.

"Plaintiff's assignors performed labor to the value of various sums ranging from $3.96 to $53.46, and amounting in the aggregate to $1,231.96, upon a sewer system constructed by the city of San Diego. This labor was done under an employment by the defendant Stabler, who was a subcontractor under the defendants Howard & Long, who were contractors with the city to construct such sewer system. Stabler defaulted in his subcontract and discontinued and abandoned work upon the portion of the sewer which he was to construct, and it was completed by said Howard & Long. At the time of the abandonment there was in the hands of the city of San Diego, then due from it to the contractors, from the fund in its treasury applicable to such sewer construction, the sum of $5,000, and of this sum more than $1,000 was earned by the work done on the portion of the sewer constructed by Stabler. Stabler failed to pay the said forty-eight laborers for their labor on the sewer, and immediately upon his abandoning the work, and while said

sum was still in the city treasury, they each served notice in writing on the city of their several claims upon said fund, as provided by section 1184 of the Code of Civil Procedure. Thereafter the forty-eight claims were assigned to plaintiff, who brought a single action upon the combined claims, and also separate actions upon each of them, which actions were by order of the trial court consolidated as provided by section 1048 of the Code of Civil Procedure.

"The first point made by appellants we do not think it necessary for us to consider at length. The validity of the bond given by the contractors is not in question here, as no recovery on the bond is sought by plaintiff. The reference to it in the complaint is to a step in the proceedings taken and had in the making of a valid contract between the city and Howard & Long. The order overruling defendants' demurrers to the complaint on the ground of want of jurisdiction of the court must be considered then, in connection with the objections, (1) that the amount sued upon in each of the actions is less than $300, and. (2) that service of the notice provided to be given by section 1184 does not create an equitable lien upon that part of the sewer improvement fund in the city treasury which is due and owing under the contract with Howard & Long for work done upon that portion of the sewer system constructed by the labor of plaintiff's assignors.

"The state constitution (sec. 15, art. XX), declares that laborers of every class shall have a lien upon the property upon which they have bestowed labor, for the value of the labor done. No exception as to public or municipal property is made by the section. Only because of other constitutional provisions, or by reason of public policy, can the laborer be deprived of the right so created by the people. Without constitutional authority the right to the lien cannot be taken away by the legislature, either by legislation or lack of legislation. The last clause of section 15 requires the legislature to provide, by law, for the speedy and efficient enforcement of the liens the right to which are thereby created. The question of whether or not section 15 is self-executing is not material, since the legislature in obedience thereto has already provided a good and sufficient procedure whereby the lien may be declared and enforced.

"Authorities based upon the theory that the Lien Law is a creation of the statute, in the strict sense of that term, are misleading when the right to the lien is under consideration in this state. Only as the terms statute or statutory law are intended to include the constitution as well as the enactments of the legislature can they be said to create the right to a mechanic's lien. (*Spinney* v. *Griffith,* 98 Cal. 149, [32 Pac. 974].) The more recent decisions of the supreme court recognize the force of the constitutional declaration of the right. (*Hampton* v. *Christensen,* 148 Cal. 737, [84 Pac. 200]; *Hughes Bros.* v. *Hoover,* 3 Cal. App. 150, [84 Pac. 681].)

"The mechanic's lien law of the code is the statutory provision made by the legislature in obedience to the constitutional mandate of section 15 and prescribes the manner in which the right to the lien in each particular case may be declared and rendered effective. Two methods are provided for giving notice of claim of lien; one by recording against the property (sec. 1183), and the other by notice to the holder of the fund which has been earned by the claimant's labor. (Sec. 1184.) The former, for reasons of public policy, cannot be enforced against a public building or improvement, but no such objection exists as to the latter. It is contended by appellants that both of these methods were intended by the legislature to apply only to private owners. To so construe the enactment would be to hold that the legislature has failed to carry out the command to provide means to render effectual the right created by the constitution; that it has only partially complied with the requirement of the section. The Bond Act of 1897 (Stats. 1897, p. 201), does not recognize a lien or provide for the speedy and efficient enforcement of one. As a means of securing the payment of the claims of laborers employed upon public work it is merely cumulative and does not exclude or do away with the constitutional lien. Section 1184 furnishes the only available method by which the laborer can obtain the benefit of his lien upon public work. It is apparently upon this principle that the decisions in *Bates* v. *Santa Barbara,* 90 Cal. 543, [27 Pac. 438], and the cases relying thereon were decided.

"The contention that the lien is not of equitable cognizance because created by law cannot be considered. Such a distinction would destroy all equitable jurisdiction to carry out

the provisions of the code. The remedy for the enforcement of the lien is clearly an equitable one. (*Weldon* v. *Superior Court,* 136 Cal. 431, [71 Pac. 502].) It is not the ordinary action that the plaintiff might have brought against the employer of his assignors for their wages. The right of the plaintiff to serve an ordinary garnishment upon the funds held by the city is not before us.

"The part of the judgment affecting the city of San Diego merely decrees a lien upon the sewer fund found to be owing to the contractors for the construction of the sewer, and orders that there be paid from this fund to plaintiff the amount found to be due to his assignors from the contractors. We are not able to see any distinction in this respect between the position of the city of San Diego here and that of the county of Santa Barbara in the case of *Bates* v. *Santa Barbara.* It is contended by appellants that in the Bates case the county was satisfied, while the city of San Diego is contesting in the case at bar. The real contest here is whether the laborers or the contractors shall receive the money earned by the former and the determination of this question will not affect the amount which the city will be required to pay for its sewer. No reason is apparent why it should not be satisfied whatever the decision of the court upon the question to whom the money shall be paid. The case of *Bates* v. *Santa Barbara* is directly in point because there, as here, the question was to whom should be paid the money due upon a contract for public work, the validity of which contract was not assailed and the obligation of the city to pay for the work undenied.

"We do not think the provisions of section 6 of article XX of the constitution are to be construed as extending to municipalities as well as to the state. The judgment here is not against the city, but against the fund, and there is ample authority in this state sustaining the power of the courts to render judgments against municipalities of the character of the judgment in this case. (*San Francisco Gas Co.* v. *San Francisco,* 9 Cal. 453; *Zottman* v. *San Francisco,* 20 Cal. 96,[81 Am. Dec. 96] ; *Spring Valley Water Works* v. *San Francisco,* 82 Cal. 286, [16 Am. St. Rep. 116, 22 Pac. 910, 1046] ; *Contra Costa* v. *Breed,* 139 Cal. 432, [73 Pac. 189] ; *McConoughey* v. *Jackson,* 101 Cal. 265, [40 Am. St. Rep. 53, 35 Pac. 863]; *Bates* v. *Santa Barbara,* 90 Cal. 543, [27 Pac. 438].)

"We recognize that it has been determined in *Mayrhofer* v. *Board of Education,* 89 Cal. 110, [23 Am. St. Rep. 451, 26 Pac. 646], that a mechanic's lien cannot be enforced against a public school house erected by a public school district; and that it has been declared in *Skelly* v. *School District,* 103 Cal. 659, [37 Pac. 643], that trustees of a school district cannot be garnisheed in an ordinary action to recover for work done and materials furnished in the building of a school house, but we do not think it was necessary to the decision of either case to so construe the constitutional provisions for a mechanic's lien as to exclude laborers upon public works from its benefits, beyond the extent which public policy requires.

"Under the construction we have given the constitution and the statute, none of the grounds of public policy urged against the enforcement of a lien against public property are violated. The performance of the public duties of the municipality will in no way be interfered with. The city's only interest in the litigation is that of a stakeholder and no costs of the litigation can be imposed upon it. Only the fund, not the property, is subject to the lien. In *Skelly* v. *School District,* 103 Cal. 659, [37 Pac. 643], a distinction is drawn by Temple, C., writing the opinion, between the scope of the powers of a school district and those of a city. He says: 'They (school districts) may be sued, it is true, but this does not enlarge the scope of their powers. On the other hand, some of the powers of a city may be considered private, as they are for the special advantage of the municipality as distinct from the general public. School districts being, like counties, political subdivisions of the state, can be sued only by permission of the state. Their funds are all devoted by statute to specific purposes,' and therefore cannot be garnisheed. *Bates* v. *Santa Barbara* has been and is accepted as establishing the right contended for by the plaintiff, and we think, in so far as there is any conflict or inconsistency between it and the cases last cited, in this respect, the Bates case is more in accord with the spirit and intention of the constitutional provision and the more recent declarations of the Supreme Court.

"The court finds, and there is evidence to support the finding, that notices under section 1184 of the Code of Civil Procedure were regularly served upon the city by each of plaintiff's assignors and thereafter their claims were assigned to

plaintiff. Whether the lien of these laborers on the sewer fund be considered as a personal right which cannot be assigned until this mere inchoate right has been perfected by service of notice (*Mills* v. *La Verne Land Co.*, 97 Cal. 254, [33 Am. St. Rep. 168, 32 Pac. 169]), or a lien which would be deemed accessory to the obligation secured under section 2909 of the Civil Code, and which would pass by assignment of the obligation by the provisions of section 1084 of that code (*Duncan* v. *Hawn*, 104 Cal. 12, [37 Pac. 626]), is immaterial. The notice was given and the lien attached to the fund before the assignment was made.

"There was no misjoinder either of parties or causes of action, and there is sufficient evidence to sustain the findings against the attacks made by appellants."

It is accordingly hereby ordered that the judgment of the superior court be modified by striking out the names "P. A. Howard, John T. Long," following the words "do have and recover of and from the defendant," in paragraph 2 thereof, and that the judgment as so modified be affirmed.

Allen, P. J., and Shaw, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on August 8, 1908, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on September 7, 1908.