[Civ. No. 1582.    Third Appellate District.—July 6, 1916.]

EMIGH–WINCHELL HARDWARE COMPANY (a Corporation), Appellant, v. AMOS PYLMAN et al., Respondents.

MECHANICS' LIENS — EQUITABLE JURISDICTION — APPEAL.—A mechanic's lien is of equitable cognizance, although created by law; and an appeal in an action to foreclose the same lies to the supreme court.

APPEAL from a judgment of the Superior Court of Yolo County.    W. A. Anderson, Judge.

The facts are stated in the opinion of the court.

Devlin & Devlin, for Appellant.

White, Miller, Needham & Harber, for Respondents.

THE COURT.—This is an action to foreclose a mechanic's lien and to bring about a sale of the premises should it be necessary to enforce the payment as claimed.

It was said in *Weldon* v. *Superior Court*, 138 Cal. 427, [71 Pac. 502] : "The action, so far as it sought to foreclose the lien against the premises, was unquestionably an equitable suit." In *Goldtree* v. *City of San Diego*, 8 Cal. App. 505, [97 Pac. 216], citing that case, it was said: "The contention that the lien is not of equitable cognizance because created by law cannot be considered.    Such a distinction would destroy all equitable jurisdiction to carry out the provisions of the code.    The remedy for the enforcement of the lien is clearly an equitable one."

The jurisdiction is in the supreme court (Const., sec. 4, art. VI), and the case is therefore transferred to that court.