[No. 13675.   Department One. — May 18, 1891.]

## LEONARD MAYRHOFER, ETC., APPELLANT, *v.* THE BOARD OF EDUCATION OF THE CITY OF SAN DIEGO ET AL., RESPONDENTS.

STATUTORY CONSTRUCTION — RIGHTS OF STATE. — The state is not bound by the general words of a statute which would operate to trench upon its sovereign rights, injuriously affect its capacity to perform its functions, or establish a right of action against it.

ID. — MECHANIC'S LIEN LAW — PUBLIC PROPERTY — SCHOOL-HOUSE. — Under the constitution and laws of this state regulating mechanics' liens, no public property or public building is subject to a mechanic's lien, and none can be enforced against a school-house erected by a public school district.

APPEAL from a judgment of the Superior Court of San Diego County.

The facts are stated in the opinion.

*John M. Lucas*, for Appellant.

The mechanic's lien law gives to all persons a lien for material furnished to be used in and actually used in the construction, either in whole or in part, of any building . . . . or other structure. (Code Civ. Proc., sec. 1183.)   The codes of this state establish the law of this state on all subjects to which they relate. (Code Civ. Proc., sec. 4; *Pina* v. *Peck*, 31 Cal. 359; *Paige* v. *Carroll*, 61 Cal. 211.)   When the law is clear and explicit, and its provisions are susceptible of but one interpretation, its consequences, if evil, can only be avoided by a change of the law itself, to be effected by legislative and not judicial action. (*Tape* v. *Hurley*, 66 Cal. 473.)   By subdivision 13 of section 690 of the Code of Civil Procedure, public buildings, etc., are exempt from execution, with, however, the important qualification, "no article, however, or species of property mentioned in this section is exempt from execution issued upon a judgment recovered for its price."   No such provision, so far as we have been

able to find, exists in the statutes of any other state, and therefore the decisions of other states to the effect that a lien cannot be enforced against a public school building are not in point.

*Wellborn, Parker & Stevens, J. P. Goodwin,* and *Watson & Hicks,* for Respondents.

A mechanic's lien cannot be obtained upon a public building, as it is against public policy that such buildings should be subject to forced sale under judicial process. (*Jordan* v. *Board of Education of Taylor's Falls,* 39 Minn. 298; Phillips on Mechanics' Liens, sec. 179; *Charnock* v. *Dist. Twp.,* 51 Iowa, 70; 33 Am. Rep. 116; *Loring* v. *Small,* 50 Iowa, 271; 32 Am. Rep. 136; *Lewis* v. *Chickasaw Co.,* 50 Iowa, 235; *Whiting* v. *Story Co.,* 54 Iowa, 81; 37 Am. Rep. 189; *Thomas* v. *Urbana School Dist.,* 71 Ill. 283; *Bouton* v. *McDonough Co.,* 84 Ill. 396; *Board of Education* v. *Neidenberger,* 78 Ill. 58; 2 Dillon on Municipal Corporations, sec. 576; Freeman on Executions, secs. 22, 126; *Portland Lumbering and Manufacturing Co.* v. *School Dist. No. 1 of Multnomah County,* 13 Or. 283.)

TEMPLE, C. — This action was brought to foreclose a lien for materials furnished to a subcontractor, for the building of a public school-house.

Final judgment was entered upon demurrer to the complaint, and plaintiff appeals from the judgment. Whether the laws of this state give to mechanics and material-men the right to have a lien upon such buildings is the only question necessary to consider upon this appeal.

Section 15, article 20, of the constitution provides: " Mechanics, material-men, artisans, and laborers of every class shall have a lien upon the property upon which they have bestowed labor or furnished material, for the value of such labor done and material furnished;

and the legislature shall provide, by law, for the speedy and efficient enforcement of such liens."

Section 118³ of the Code of Civil Procedure enacts that mechanics and material-men shall have a lien for labor or material used in the construction of any building or other structure.

The following sections prescribe the procedure and the effect of certain acts.

The claim is made that public buildings are included both in the word "property," used in the constitution, and in the phrase "any building," used in the code, and therefore it must necessarily follow that mechanics and material-men are, by these provisions, given a right to a lien upon such buildings.

But this ignores the rule of statutory construction, that the state is not bound by general words in a statute, which would operate to trench upon its sovereign rights, injuriously affect its capacity to perform its functions, or establish a right of action against it.

Says Mr. Justice Story, in *United States* v. *Hoar*, 2 Mason, 314: "In general, acts of the legislature are meant to regulate and direct the acts and rights of citizens; and in most cases the reasoning applicable to them applies with very different, and often contrary, force to the government itself. It appears to me, therefore, to be a safe rule, founded in the principles of the common law, that the general words of a statute ought not to include the government, or affect its rights, unless that construction be clear and indisputable upon the text of the act."

To the same effect are the following cases: *United States* v. *Swearingen*, 11 Gill & J. 373; *Commonwealth* v. *Baldwin*, 1 Watts, 54; 26 Am. Dec. 33; *Savings Bank* v. *United States*, 19 Wall. 239; *United States* v. *Davis*, 3 McLean, 484; *United States* v. *Williams*, 5 McLean, 133; *Commonwealth* v. *Johnson*, 6 Pa. St. 136; *Josselyn* v. *Stone*, 28 Miss. 753; *People* v. *Herkimer*, 4 Cow. 345; 15 Am. Dec. 379; and a great many others.

It is misleading to say that this construction is adopted on the ground of public policy. The import of the language is not limited, because it would be against public policy to give to the words their natural effect, but because, in view of familiar rules of construction, a different intent is manifested in the language used.

The government was created and shaped by the constitution. It is not an end in itself, but a mere instrumentality for public service. Its powers and functions exist only for the people. One of its functions is to enact laws for the government of the inhabitants within its limits, thereby affording them protection and advancing their general welfare. The property it holds is simply to enable it to perform the service required of it. It is as much devoted to public use as are the streets and highways, though in a different way; and it is generally held by a different tenure.

Instead of being the natural and obvious conclusion, that a general law providing remedies for private individuals was intended to enable a creditor of the state to seize this property for the satisfaction of his debt, it would be a most unnatural inference.

The constitution has itself provided, as the only means which the state has for the payment of its debts, the exercise of the sovereign power of taxation. And for each political subdivision the rule is the same. These revenues are divided into specific funds, and one furnishing labor or materials to the state knows to what he must look for payment. He becomes a creditor of a specific fund, and has no rights except with reference to such fund.

The law conferring the right to a mechanic's lien implies a right of action to enforce it. One cannot sue the state, unless expressly authorized by statute, and this principle is embodied in our constitution. General statutes creating new remedies for individuals have never been held to authorize such suits.

The former constitution of the state provided: "All property in the state shall be taxed in proportion to its value." There was no express limitation upon the meaning of the words used, and unquestionably in their natural import they included public property. It was held that such construction would be inconsistent with the purposes of taxation (*People* v. *Doe,* 36 Cal. 220), and it is strange that such a case ever arose. The inconsistency there was perhaps a little more obvious than here; but the principle is the same, and the claim here is really as inconsistent as there, with the theory, plan, and policy of the government, with reference to its revenues and its tenure of the property it holds for public service.

The public policy appealed to is laid down in the constitution itself. It is a constitutional policy. The section under consideration, on its face purports to be a code provision providing a remedy by individuals against individuals. The constitutional policy referred to but emphasizes the rule of construction, which would have been sufficient of itself. And the position is firmly fixed beyond cavil by section 18, article 11, which prohibits school districts from incurring indebtedness exceeding the annual revenue provided for it, unless before the indebtedness is incurred provision shall be made for the payment of the debt by taxation. Could there be a plainer declaration that all indebtedness shall be paid from the revenue provided by law?

Supposing, therefore, as we must, that the section in the constitution was framed in view of the well-known rule of construction, and in the same instrument in which are the other provisions alluded to, and that it omits to mention publc buildings, it is manifest from the language itself that they are not included.

It would follow that the judgment should be affirmed.

FITZGERALD, C., and FOOTE, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment is affirmed.