[L. A. No. 275. Department Two.—July 1, 1898.]

## W. G. WITTER, Appellant, v. MISSION SCHOOL DISTRICT et al., Respondents.

STREET ASSESSMENT—SCHOOL LOTS—PLEADING.—A street assessment cannot be enforced against lots used for school purposes; and in an action to enforce an assessment against school lots for an improvement of the street fronting the same, the complaint must allege that the lots are not used for school purposes, else it is subject to a demurrer for want of facts sufficient to state a cause of action.

APPEAL from a judgment of the Superior Court of San Luis Obispo County. V. A. Gregg, Judge.

The facts are stated in the opinion.

G. F. Witter, Jr., for Appellant.

W. H. Spencer, for Respondents.

CHIPMAN, C.—Action to enforce payment of assessment for constructing a sidewalk in front of certain lots in the city of San

Luis Obispo, of which defendant, Mission School District, is alleged to be the owner in fee. Judgment passed for defendants on demurrer to the sufficiency of facts alleged, from which this appeal is prosecuted.

The complaint does not show whether the lots in question were or were not used by the district for school purposes, nor that any provision was made by the district for the payment of the debt out of its funds raised during the year the debt was created.

The only question presented by appellant is whether these lots were subject to assessments under the act of March 31, 1891 (Stats. 1891, p. 343). The act makes no exception as to owners of lots. The distinction between the term "assessment" and the term "taxation" was clearly pointed out in *San Diego v. Linda Vista Irr. Dist.*,108 Cal. 189; and it was there shown that there might be exemption from "taxation" under the constitution and the provisions of the Political Code, section 3607, where there would not necessarily be exemption from "assessments" of lands. Appellant relies upon this distinction and upon this case to support his claim. It was held in *Mayrhofer v. Board of Education*, 89 Cal. 110; 23 Am. St. Rep. 451, that the terms "any building" in the mechanics' lien law did not include a public schoolhouse. In *Whittaker v. County of Tuolumne*, 96 Cal. 100, it was held that the word "person" used in section 1050 of the Code of Civil Procedure, giving a right of action in a certain case, did not include a county or authorize it to be sued. In *Skelly v. School District*, 103 Cal. 652, it was held that while a school district may be a person within the meaning of subdivision 5, section 542 of the Code of Civil Procedure, it could not be garnished "because laws made primarily to provide for individual rights will not be presumed to include the state when the effect might be to authorize a suit against the state or embarrass it in the discharge of its functions." The principle of construction was stated in *Mayrhofer v. Board of Education*, *supra*, to be "that the state is not bound by general words in a statute, which would operate to trench upon its sovereign rights, injuriously affect its capacity to perform its functions, or establish a right of action against it."

The proceeding here is to foreclose the lien of plaintiff on the

property of a school district and in default of payment to sell the property. If this property is used for school purposes the inevitable result would be to injuriously affect the capacity of the district to perform its functions, quite as effectually as by the foreclosure of a mechanic's lien as was attempted in *Mayrhofer v. Board of Education, supra.*

In the case of *San Diego v. Linda Vista Irr. Dist., supra,* the lands were alleged to be pueblo lands of the city of San Diego, and were "vacant, unoccupied, and uncultivated agricultural lands, susceptible to cultivation, and would be largely benefited by irrigation; that they could not and cannot be profitaby cultivated without irrigation and are practically valueless for any other uses than agricultural and horticultural," and that they were held and devoted to the private uses of the city and were not incidental to the performance of any public or municipal function. A demurrer was sustained in the lower court, but the judgment was reversed on appeal. No such state of facts appears in the complaint here. So far as shown the lots in question may have school buildings upon them and may be used and occupied exclusively for school purposes, in which case we do not think this action could be maintained. As a private owner, however, of land not used exclusively for school purposes, but held as an investment or from which to derive rentals, as property of an individual is held and owned, we see no reason why the lands of a school district should not be assessed for improvements the same as those of any other private owner. But we think, as land belonging to school districts is liable for such assessments only when it is not used for school purposes, the complaint should allege the facts necessary to bring the case within the exception.

This it failed to do, and as plaintiff did not ask leave to amend in the court below and does not suggest now that he can amend in the particular referred to, the judgment should be affirmed.

Haynes, C., and Belcher, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.        Temple, J., Henshaw, J., McFarland, J.