THE ERIE RAILROAD COMPANY ET AL. v. THE MAYOR AND ALDERMEN OF THE CITY OF PATERSON.

Argued November 4, 1904—Decided February 27, 1905.

When the land of a railroad company used for railroad purposes is benefited for those purposes by a municipal improvement, it may be assessed to the extent of such benefit, in the absence of a legislative exemption.

On *certiorari.*

Before Justices DIXON and SWAYZE.

For the prosecutors, *Collins & Corbin.*

For the defendant, *Vivian M. Lewis.*

The opinion of the court was delivered by

DIXON, J. This *certiorari* brings up an assessment on the Erie Railroad Company's land for the improvement of Market street, in Paterson, by curbing and paving with asphalt. The property assessed consists of lots Nos. 253, 255, 257, 259 and 261, on the north side of the street, and lots Nos. 244, 246, 248, 250 and 252, on the south side. Lots 253, 255, 257 and 259 are occupied by a building, and leased by the prosecutor to Nelson Morris Company, wholesale meat dealers, and the assessment on that is not disputed. The evidence shows that the westerly portion of lot 261 is included in the Morris lease and used by the lessees in connection with the leased building. This portion of the lot seems to be benefited by the paving in the same manner as other property fronting on the street. The residue of the lot is devoted to use for railroad tracks, and for that use derives no benefit from the paved street. According to decided cases, this use must be considered permanent. The assessment which covers the whole lot should be proportionately reduced.

The lots on the south side of the street are assessed as an entire plot. The westerly portion of this plot is occupied

by railroad tracks, and for the reason just stated cannot be benefited by the paving of the street. The easterly portion is occupied by the platform of the prosecutor's passenger depot, and the central portion is a paved yard, open to the street and used by the public in passing on foot or in vehicles to and from the depot. That the improved pavement of the street increases the facility of access to this yard and over it to the trains of the prosecutor is manifest, and that this increased facility is beneficial to the company's property for its present uses is evidenced by the fact that the company has gone to the expense of paving its yard for no conceivable purpose except to facilitate the approach to this depot.

But it is urged that our decisions establish the rule that the advantage derived from improved access to property devoted to railroad uses is not an assessable benefit. I do not so understand the cases. In the earliest case on this subject (*Morris and Essex Railroad Co.* v. *Jersey City,* 7 *Vroom* 56) the decision was—*first,* that the use to which the company had devoted its land must be regarded as permanent, and *secondly,* that the depositions in the case proved that the assessment under review had been made without regard to benefits realized by the land in its use as a depot, and that in truth there was no such benefit; *thirdly,* that as practically the land was not salable, the enhancement of its market value was not the proper basis of assessment. The principle of assessment thus indicated is clearly that in such cases the burden must be gauged by the benefit received for the existing uses. In *New Jersey Railroad and Transportation Co.* v. *Elizabeth,* 8 *Id.* 330, the right to assess for increased facility of access to the depot was denied, *obiter,* because of an exemption contained in the company's charter, but the right to assess for advantage derived in the improvement of the company's lands for the uses to which they were appropriated was, *obiter,* recognized. I do not see the distinction thus suggested, but the fact in the case was that the paved avenue crossed the company's tracks at a place not near any of its depots, and was an injury rather than a benefit to the company. In *New Jersey Midland Railroad Co.* v. *Jersey City,*

13 *Id.* 97, Mr. Justice Knapp, speaking for this court, said that the act of 1873, which declared that all railroad corporations should be liable for city improvements beneficial to their property for the purposes for which it was used, merely declared what the court had held them subject to unless legislative exemption appeared, and an assessment for improving a street was sustained. In *Paterson and Hudson River Railroad Co.* v. *Passaic,* 25 *Id.* 340, it was held that if the lands of the company, even the roadbed of its main tracks, was benefited in its existing use by a municipal improvement, it was assessable therefor. Although in that case the improvement was a sewer, the underlying principle is the same; the difference in the nature of the improvement affects only the proof of the fact of benefit.

The idea that the enhancement of market value is the benefit derived from municipal improvements is superficial. The benefit derived by neighboring land from improving a street for traveling purposes is chiefly the increased facility of access, and from sewers and drains is increased facility of drainage. Enhancement of market value is only the result of these increased facilities, and as such it generally affords a convenient measure of the benefit. But if the property be not salable the facilities of using it may, nevertheless, be increased, and when they are, by means of municipal improvements, assessable benefits exist.

In the present case we think the central portion of the plot on the south side of Market street receives a benefit of this character and may be assessed therefor, but since the whole plot is assessed as if equally benefited the assessment should be reduced.

The city may, on due notice, apply for the correction of this assessment for paving under the act of March 23d, 1881. *Gen. Stat., p.* 3404.

The curbing assessment is not disputed.