# City of Huntsville *v.* Madison County.

*Bill to Enforce a Lien for the Improvement of City Streets About the County Courthouse.*

(Decided April 5, 1910.   52 South. 326.)

1. *Municipal Corporations; Street Improvements; Assessment; Exemptions.*—Although constitutional and statutory exemptions of public property from general taxation does not of necessity exempt it from special local assessments for public improvement, yet, property owned and held by the state and county for public purposes is generally exempt from taxation of any description, and not subject to taxation in any form unless it clearly appears that it was the legislative intent to render it subject thereto.

2 *Same.*—Under section 1359-1420, Code 1907, an action at law cannot be maintained against the county to declare and enforce a lien on the county courthouse property for a special assessment levy for street improvement.

3. *Same; Enforcement;. Personal Judgment Against Owner.*—Sections 1398 and 1400, apply only to cases where appeals are taken to the Supreme Court and where a supersedeas bond is given.

4. *Same; County Property; Benefit.*—No benefit is conferred on courthouse lots or the buildings erected thereon and used by the public of the county, by the improvement of the streets abutting thereon, for which said property can be assessed, under the Constitution limiting special assessments to the increased value of the property resulting from the benefit to be derived from such improvements.

5. *Taxation; Collection; Remedy.*—The prescribed method for the collection of taxes is exclusive and must be followed, although as a general proposition an action of law will lie where no other me., i is prescribed.

6. *Equity; Bill; General Demurrer.*—Where a bill is without equity it is subject to demurrer testing its equity under section 3121, Code 1907.

APPEAL from Madison Chancery Court.

Heard before Hon. W. H. SIMPSON.

Bill by city of Huntsville against Madison county, to declare and enforce a lien against the county courthouse and property situated within the city for a special assessment levy against it for paving and street curbing, etc. From an order sustaining demurrer to the bill for want of equity, complainant appeals. Affirmed.

BRICKELL & SMITH, for appellant. As to whether an assessment for street improvement is a tax in the sense that term is used in our Constitution, see *Birmingham v. Klein,* 89 Ala. 461. There is no provision in the present Constitution that conflicts with the decision in that case. An exemption cannot arise from the present use of the property.—Cooley on Taxation, 652-3; *Bda. of Com. v. City of Ottawa,* 49 Kan. 747; *Edwards Co. v. Jasper County,* 94 Am. St. Rep. 301; *County of McLean v. Bloomington,* 106 Ill. 249; *New Orleans v. Warner,* 175 U. S. 120; *Adams County v. Quincy,* 6 L. R. A. 155; *In re Howard Avenue,* 120 Am. St. Rep. 995; *Barbour Asphalt Co. v. City of St. Joseph,* 82 S. W. 64. From these decisions it is clear that the property of Madison county was liable to the assessment,

[City of Huntsville v. Madison County.]

.and we contend that the proper method of enforcement has been employed.—Act 1907, pp. 300-303, et seq.

WALKER & SPRAGINS, for appellee.   The proceeding is in rem and not in personam.—Gray's Lim. on Taxing Power, sec. 1234; Sec. 1371, 1373, 1395 and 1401, Code 1907.   Public property used for public governmental purposes is not liable for assessments for the cost of :street improvements in the absence · of some specific provisions to that effect.—Page & Jones on Special Assessments, sec. 580; Gray on Lim. of Taxing Power, secs. 1906, 1174-5; 34 Am. St. Rep. 108; 37 Am. St Rep. 414, and note; 66 Am. St. Rep. 33; 94 Am. St. Rep. 301; note to 33 Am. St. Rep. 406-413.   The effect will be to transfer the burden of taxation from the ·owner of the property specially benefited to the general tax payers of the public corporation, and this cannot be done without something to indicate a legislative intent that the public money should be applied towards the payment for the improvement to the extent that public property was enhanced in value or benefited, .and this would be contrary to section 223 of the Constitution.   Where a method for collecting taxes is authorized it is exclusive.—34 Am. St. Rep. 420.

ANDERSON, J.—That there is a well-defined distinction between general taxation and a local assessment for public improvements, such as pavements, sewerage, etc., there can be no doubt.   It is also settled that constitutional or statutory exemption of public property from general taxation does not necessarily exempt it from special local assessment for public improvements; but, while there is a conflict, the weight, and, we think, the sounder authorities, hold that general language in a statute giving cities power to levy assess-

ments for street improvements is not sufficient to embrace the property of the state or county which is devoted to strictly public uses, nor authorize the enforcement of such special assessment against it under a general judgment against the county. In other words, property owned and held by the state and counties for public purposes is generally exempt from taxation of any description, and is not to be deemed subject to taxation in any form, unless the intent of the Legislature to render it so clearly appears.—*Worcester County v. Mayor of Worcester,* 116 Mass. 193; Page & Jones on Taxation, § 580; Gray on Limitation of Taxing Powers, §§ 1906, 1174, 1175; *Witter v. Mission School District,* 121 Cal. 350, 53 Pac. 905, 66 Am. St. Rep. 33; *Edwards Co. v. Jasper Co.,* 117 Iowa, 365, 90 N. W. 1006, 94 Am. St. Rep. 301, and note; *City of Clinton v. Henry Co.,* 115 Mo. 557, 22 S. W. 494, 37 Am. St. Rep. 415; *Franklin Co. v. Ottowa,* 49 Kan. 747, 31 Pac. 788, 33 Am. St. Rep. 396. For an able and complete discussion of the subject, see note commencing on page 400. While there are many authorities holding that this special tax is permissible unless prevented by the statute, they are almost uniform in holding that it cannot be enforced by fixing a lien on the public property, and those that permit the levy merely authorize the collection by a personal judgment rather than by an action in rem. It must also be borne in mind that most of the statutes considered in this line of decisions did not confine the right to collect the tax solely by subjecting the property, but authorized a personal judgment. Therefore, in view of the fact that they all hold that the tax could not be enforced by an action in rem, we are of opinion that they would have held that the right to levy against public property did not exist had the statutes prescribed an action in rem as the exclusive remedy to enforce

the collection of said tax. Article 26, p. 638, Code 1907, provides for the levy and assessment by municipal corporations of this special tax for public improvements and prescribes the remedy for the enforcement of the collection of same, and which is, of course, subject to the limitations fixed by section 223 of the Constitution of 1901. The authority to levy this tax is general, and the statute makes no express provision for the levy of same against state or county property held for public purposes. Nor can the power to do so be necessarily implied in view of the fact that the statute (section 1386) fixes a proceeding in rem as the sole method of enforcing the collection of said special tax. It is true it authorizes the recovery of the amount of the assessment with interest and cost, but it can only be enforced against the property, and does not authorize a personal judgment against the owner. True, also, section 1398 authorizes a judgment, and section 1400 authorizes execution, but they apply only in case of an appeal to the Supreme Court and in cases where the appellant gave a supersedeas bond. "The general rule seems to be that, where the Legislature has not authorized any method for collecting a tax, an action at law will lie to collect it. While the Legislature, however, has authorized a method of collection, the method is exclusive, and generally in such case an action will not lie unless the statute expressly authorizes it."—Gray on Limitations of Taxing Powers §§ 1174, 1175; *Worcester v. Worcester,* 116 Mass. 193.

There is another question which should be borne in mind in arriving at the legislative intent, and which seems to have been ignored in those cases holding that county property was liable to said special tax. The Constitution expressly limits this tax so as not to exceed the increased value of the property resulting from

[City of Huntsville v. Madison County.]

the benefit to be derived from such improvements. It is a matter of common knowledge that courthouse lots and the buildings thereon were procured and erected for public use, not to sell or rent, and it would be difficult to ascertain how the county could be materially or financially benefited because of the pavement or beautifying the streets of Huntsville. There can be no material enhancement in the value of the courthouse square that would prove of any substantial benefit to the taxpayers of Madison county generally. They own the square for certain purposes, not to rent or sell at a profit, and as a rule the investment is permanent, and for the use to which the property is adapted it is just as valuable to the public whether adjacent property is worth $100 or $1,000 per front foot. The fact that county property is included in the exemptions from general taxation by the terms of section 2061 of the Code of 1907 is no indication that it was intended to be subject to this special tax. It was exempt regardless of this statute, and was doubtless included in the schedule with other property not necessarily exempt, independent of the statute, and for the purpose of setting forth all exempt property.

The bill, being without equity, was subject to the demurrers testing its equity (section 3121 of the Code of 1907), and which were properly sustained, and the decree of the chancery court is affirmed.

Affirmed.

Dowdell C. J., and Mayfield and Sayre, JJ., concur.