# City of Decatur, *et al. v.* Southern Railway Company.

*Municipal Street Assessment.*

(Decided May 19, 1914. 65 South. 536.)

1. *Municipal Corporations; Street Assessment; Enforcement.*—A municipal corporation cannot recover a personal judgment against a property owner for the amount of the assessment for street improvement under the statutes providing for special assessments and their collection; the statutory remedy for a proceedings in rem being exclusive.

2. *Same.*—A special assessment levied against a railroad right of way is unenforceable and amounts to nothing but a cloud on the title of the railroad, as such assessment could only be collected by a proceeding in rem under the statute, and could not be enforced against a railroad right of way.

APPEAL from Morgan Law and Equity Court.

Heard before Hon. THOMAS W. WERT.

Bill by the Southern Railway Co., against the City of Decatur and others to remove as a cloud upon its title certain assessments for street improvements against its right of way in the city of Decatur. Decree for complainants and respondents appeals. Affirmed.

CALLAHAN & HARRIS, for appellant. It is not proper to consider the uses to which the property is put, but the benefit, vel non, by reason of the improvement, as the assessment is laid against the property and not the owner, whatever its uses.—*L. & N. R. R. Co. v. Barber,* 197 U. S. 434. The benefits have been determined by the proper court—the city council—and without protest.—*City of Birmingham v. Wills,* 59 South. 173. Section 1370 of the Code does not exclude any sort of property, whatever its uses, and thus includes property of railroads even a right of way.—77 Amer. St. Rep. 711; 120 Ill. 104; Elliott on Railroads, § 786. A right of way is subject to such an assessment.—12 L. R. A. (N. S.) 112 and note.

WERT & LYNNE, for appellee. This appeal is but a second rehearing, as all matters were adjudged adversely to appellants on former appeal.—*City of Decatur v. So. Ry. Co.,* 62 South. 255. On the authority of this case and the cases therein cited, the judgment should be affirmed.

ANDERSON, J.—Upon the former appeal in this case (183 Ala. 531, 62 South. 855, 48 L. R. A. [N. S.] 231), the effect of the holding was that the assessment in question was not enforceable by a lien upon and sale of the complainant's roadbed or right of way for the reasons therein set forth, and to which ruling we strictly adhere. It is true this court did not expressly hold

that the property was not assessable for this special tax, and also declined to decide whether or not there could be a personal judgment against this complainant for said special tax. We did hold, however, that the bill contained equity in so far as it attempted to enjoin a sale of the complainant's roadbed or right of way to enforce the collection of said tax, and which seems to be the purpose for which said bill was filed.

We may add, however, upon this appeal, that the assessment upon the property in question will not support a proceeding in rem for the reasons set out upon the former appeal, and that it will not authorize a personal judgment for the reasons set out in the case of *City of Huntsville v. Madison Co.*, 166 Ala. 389, 52 South. 326. We did not hold in said case, supra, and do not now hold, that the Legislature could not provide for a personal judgment for said special tax; but we then held, and now hold, that the statute in question did not authorize a personal judgment. If the statute, in authorizing the tax, provided no means for collecting same, an action at law would lie to collect same, or, if the Legislature authorized a personal judgment, it could be procured, but, when the Legislature has authorized a method of collection, that method is exclusive.—*Huntsville v. Madison Co., supra,* and authorities there cited.

The statute in question authorizes only a proceeding in rem for the collection of this special tax, and as we have heretofore held the assessment cannot be enforced by a sale of the property, and as we now hold it will not authorize a personal judgment, it is nonenforceable and amounts to nothing more than mere cloud upon complainant's title.

The judgment of the law and equity court is affirmed. Affirmed.

Mayfield, Somerville, and Gardner, JJ., concur.