**ALABAMA CITY et al. v. ALABAMA POWER CO. (7 Div. 547.)**

(Supreme Court of Alabama.  Oct. 29, 1925.)

**1. Municipal corporations ⊜═529—Special assessment on railroad right of way amounted to nothing more than cloud on title.**

A special assessment for paving improvements levied on a railroad right of way cannot be enforced against railroad company by sale of it's property, and amounts to nothing more than cloud on railroad company's title; Code 1923, § 2189, authorizing municipality to assess against railroad cost of street paving, being inapplicable.

**2. Municipal corporations ⊜═513(2)—Special assessment set aside as cloud on railroad company's title, though no step had been taken for enforcement.**

That no step had been taken to enforce a special assessment for paving improvements levied on a railroad right of way was immaterial, in suit to set aside such assessment as a cloud on railroad company's title, since it ¬reated and fastened a cloud on such title as ʳffectually and injuriously as would any sub-ʳ˙quent step taken for its enforcement.

**3. Municipal corporations ⊜═513(2)—Special assessment set aside as cloud on railroad company's title, though part of right of way could be sold without interfering with business.**

In suit to set aside special assessment for paving on railroad right of way as a cloud on its title, that railroad had a right of way 25 feet wide, with about 9 feet on each side of its track, which could be sold without interfering with its business or with exercise of its franchise, *held* immaterial, where assessment was imposed indiscriminately on defendant's right of way, thereby including roadbed and track.

Appeal from Circuit Court, Etowah County; Woodson J. Martin, Judge.

Bill in equity by the Alabama Power Company against the City of Alabama City and W. H. Morton, as City Clerk. From the decree, respondents appeal. Affirmed.

This is an appeal from decree of the lower court overruling demurrers to the bill of complaint filed by appellee against appellants, seeking to remove as a cloud on title to a portion of appellee's right of way an assessment made against such portion of its right of way for street improvements, and also seeking to enjoin the city and its clerk from enforcing said assessment. The bill of appellee shows the following:

(a) That appellee is a public service corporation presently engaged in operating a street railway between Attalla, Ala., and Gadsden, Ala., through Alabama City, for the carriage of passengers, freight, and the United States mails for hire; that, prior to the establishment and dedication of Kyle avenue as a public street in the city of Alabama City, the appellee, or its predecessors in title, had acquired from the then owners an easement 25 feet in width for ʼthe purpose of the operation of a street railway over and along the lands. on which its present street railway track is now laid, along what is now the center of Kyle avenue in Alabama City; that the right of way so acquired has since that time and is now being used solely by the appellee for the operation of its street railway.

(b) That the city of Alabama City, on the 3d day of April, 1923, regularly adopted an ordinance providing for the paving of a roadway on Kyle avenue on the north side of the car line, beginning at the west end of the bridge across Black creek and extending westward along said Kyle avenue to a point 5,860 feet west of the west end of said bridge over·Black creek, all in Alabama City, and providing that the cost of the construction of the aforesaid paving should be assessed and levied upon the property abutting on that portion of said avenue improved to the extent of the increased value of such property by reason of the special benefits derived from such improvements. Subdivisions (a)

and (b) of section 2 of the ordinance provide that the cost of paving between the rails and the space between the tracks and for 18 inches on each side of the rails should be assessed against the railway. This ordinance was approved by the mayor of Alabama City on the 3d day of April, 1923, and a copy of the ordinance is attached to the bill as Exhibit A and made a part thereof.

(c) That the paving provided for by the ordinance was done, and that no part of the track or right of way of appellee was paved, and that the south line of the paving was 14 feet from the center of appellee's 25-foot right of way along said Kyle avenue; that after said paving had been done appellant Alabama City caused an assessment roll to be made up, and assessed as abutting property the right of way of appellee along the center of Kyle avenue for a distance of 5,-532.3 feet the sum of $15,873.65, which sum was approximately one-half the cost of the paving done along Kyle avenue under said ordinance, and that appellant Alabama City fixed January 15, 1924, as the date for the hearing of objections to said assessment, and prior to such hearing appellee filed its written objections to such assessment; and that on the day so fixed the city council of appellant overruled appellee's objections and made final the assessment against the right of way of appellee in said sum of $15,873.65.

(d) That appellants are insisting upon and preparing to enforce the aforesaid assessment by sale of the portion of the right of way of appellee of 5,532.3 feet in length, and to that end had given appellee notice that, unless it paid the first installment of 10 per cent. of the total assessment on or before the 14th day of February, 1924, collection would be enforced by advertisement and sale of appellee's right of way. A copy of this notice is attached to the bill and made a part thereof as Exhibit C.

(e) That the portion of appellee's right of way so assessed is an essential part of its railway system between Gadsden and Attalla, Ala., and the sale of said portion would bisect appellee's line and prevent it from operating its railway system from Gadsden to Attalla, through Alabama City, and cause appellee to forfeit its franchise and breach its duty to the public to operate said railway system; that said assessment is a cloud on the title of appellee in and to the portion of its right of way so assessed, and upon which a lien is sought to be fixed.

(f) That no suit or legal proceeding in any court is pending against appellee, involving its title to such portion of the right of way.

The relief sought by the bill is: (1) To remove the cloud on the title to that portion of appellee's right of way against which said assessment is made; (b) to restrain appellants from enforcing or attempting to enforce the collection of said assessment made against said portion of appellee's right of way; (3) or from selling or attempting to sell said portion of appellee's right of way in satisfaction of said assessment.

Disque & Disque, of Gadsden, for appellants.

For purposes of taxation, railroad roadbed, right of way, and track are to be assessed and dealt with, in collection of taxes and sale for taxes, as all other lands. Purifoy v. Lamar, 112 Ala. 123, 20 So. 975; T. & C. v. East Ala. R. Co., 75 Ala. 516, 51 Am. Rep. 475; Nor. Pac. v. Seattle, 46 Wash. 674, 91 P. 244, 12 L. R. A. (N. S.) 126, 123 Am. St. Rep. 955; Heman Cons. Co. v. Wabash, 206 Mo. 172, 104 S. W. 67, 12 L. R. A. (N. S.) 112, 121 Am. St. Rep. 649, 12 Ann. Cas. 630. An injunction should not be granted upon mere apprehension that some illegal act will be done. O'Rear v. Sartain, 193 Ala. 275, 69 So. 554, Ann. Cas. 1918B, 593; Alston v. Dunn, 176 Ala. 421, 58 So. 300; Goodson v. Dean, 173 Ala. 301, 55 So. 1010; Sou. Ry. v. Albes, 153 Ala. 523, 45 So. 234; McHan v. McMurry, 173 Ala. 182, 55 So. 793. Decatur v. Sou. Ry., 183 Ala. 531, 62 So. 855, 48 L. R. A. (N. S.) 231, and 187 Ala. 364, 65 So. 536, are distinguishable from the cases cited above. In this case a space is left upon each side of the track, not necessary to the operation of cars, and no levy or advertisement for sale has been made.

Dortch, Allen & Dortch, of Gadsden, and Martin, Thompson, Foster & Turner, of Birmingham, for appellee.

An assessment for street improvements against a small portion of the right of way of a railroad operating as a public service corporation cannot be enforced by a sale of such portion of the right of way. Such assessment is a cloud upon title and will be removed by a court of equity, which will enjoin a threatened sale. City of Decatur v. Sou. Ry., 183 Ala. 531, 62 So. 855, 48 L. R. A. (N. S.) 231; Id., 187 Ala. 364, 65 So. 536; Port of Mobile Co. v. L. & N., 84 Ala. 115, 4 So. 106, 5 Am. St. Rep. 342; Rea v. Longstreet, 54 Ala. 291. The proceeding to enforce assessment against abutting property for street paving is in rem, will not support a judgment against the owner, and can only be enforced by sale of the assessed property. City of Huntsville v. Madison Co., 166 Ala. 369, 52 So. 326, 139 Am. St. Rep. 45; Payne v. Spragins, 207 Ala. 264, 92 So. 466.

SOMERVILLE, J. [1] Under the authority of City of Decatur v. Southern R. Co., 183 Ala. 531, 62 So. 855, 48 L. R. A. (N. S.) 231, and 187 Ala. 364, 65 So. 536, we are constrained to hold that the demurrers to the bill of complaint were properly overruled, and that there is equity in the bill as to its prayer for the removal of the cloud on complainant's title, caused by the assessment for

paving improvements, as shown by the bill. In the City of Decatur Cases, supra, it was held (1) that an assessment for street improvement against a small portion of the right of way of a railroad company, engaged in the discharge of its functions as a public service corporation, as a going concern, cannot be enforced by a sale of that portion of the right of way; and (2) that, since there can be no personal judgment in such a case, the statutory remedy for collection in rem being exclusive, the special assessment was unenforceable, and amounted to nothing but a cloud on the title of the railroad, for the removal of which the bill in equity was maintainable.

Counsel for appellants recognize the force and effect of those decisions, but insist that they are not applicable to the case made by the instant bill, because (1) the bill shows that complainant has a right of way 25 feet wide, with about 9 feet on each side of its track, which could be sold without interfering with complainant's business or with the exercise of its franchise; and (2) in the Decatur Cases a section of the right of way had been actually levied upon and advertised for sale.

[2] As to the latter distinction, it is clearly immaterial to the equity of the bill, since the assessment made by the city against complainant's right of way creates and fastens a cloud upon its title just as effectually and injuriously as would any subsequent step taken for its enforcement, by advertisement or otherwise.

[3] As to the first objection, the Decatur Cases do not except from the operation of the rule declared any part of the railroad's right of way, and, moreover, the case made by the bill is against an assessment imposed indiscriminately upon defendant's *right of way*, which of necessity includes the roadbed and track. The suggested distinctions do not suffice to relieve this case from the controlling influence of the Decatur Cases, supra, and the decree of the trial court overruling the demurrers will be affirmed.

It may be noted that the right of the municipality to assess against the railroad the cost of street paving laid between its rails, and 18 inches on either side (section 2189, Code 1923), has been recently upheld by this court in the case of Ala. Traction Co. v. Selma Tr. & Sav. Bank (Ala. Sup.) 104 So. 517.[1] But under that statute the paving cost is made a personal obligation of the railroad, secured by a blanket lien on its entire property. Ala. Traction Co. v. Selma Tr. & Sav. Bank (Ala. Sup.) 104 So. 517 (12), supra.[1] But that statute and that decision have no application to this case.

Affirmed.

ANDERSON, C. J., and THOMAS and BOULDIN, JJ., concur.