JULANDER & JULANDER, Appellees, v. HARRY P. REYNOLDS et. al., Appellants.

NOVEMBER 13, 1928.

*Charles S. Hutchinson,* for Independent School District of Des Moines, appellant.

*Franklin Brown* and *C. Everette Brown,* for plaintiffs, appellees.

*Wilson & Shaw,* for Harry P. and Helene Reynolds, appellees.

ALBERT, J.—On the 29th day of September, 1923, plaintiffs recovered judgment in the municipal court of Des Moines against Helene Reynolds and her husband, Harry Reynolds, for $95.33.
Helene Reynolds was employed as a teacher in the city schools of Des Moines, and the crux of the plaintiffs' action was to subject wages due her by the Independent School District of Des Moines to the payment of this judgment. The school district filed answer, admitting that it was indebted to Helene Reynolds in the sum of $169.02. Plaintiffs allege, and defendant admits, that the school district is a political corporation, and cannot be garnished. It further alleges that the funds in its hands cannot be reached by a proceeding such as is attempted in this case, and that the court had no jurisdiction to enter an order requiring the defendant to pay over any money to the plaintiffs, or to establish any lien upon any money in the hands of the defendant. It further alleges that this action cannot be maintained, for the reason that it is contrary to the public policy of the state, and would interfere with the proper carrying out of the duties and obligations of the defendant. The case was tried, resulting in a judgment entry, as above set out.

This action, if it is maintainable, comes under Section 11815, Code of 1927, reading as follows:

"At any time after the rendition of a judgment, an action by equitable proceedings may be brought to subject any property, money, rights, credits, or interest therein belonging to the defendant to the satisfaction of such judgment. In such action, persons indebted to the judgment debtor, or holding any property or money in which such debtor has any interest, or the evidences of securities for the same, may be made defendants."

This section gives rise to a proceeding which, for lack of a better name, has been designated in the books as "an equitable garnishment." The real crux of the case involves the question of the public policy of the state. Prior to the Code of 1860, this

policy of the state had not been pronounced by the legislature, and in the case of *Wales & Son v. City of Muscatine,* 4 Iowa (Clarke) 302, it was held that a city was subject to garnishment. In the Code of 1860, the legislature pronounced the public policy of the state in Section 3196, by saying that "a municipal or political corporation shall not be garnished." This section has continued in the identical language in which it originally appeared in the Code of 1860, and now appears as Section 12159, Code of 1927.

The theory upon which these statutes were passed is that municipal corporations are in the exercise of governmental powers, to a very large extent, and are an arm of the state in conducting the business for the state, and that to permit them to be garnished would seriously interfere with properly conducting their business, would subject them to expense and annoyance and loss of time, in order that an individual might collect his private debts, and would thus pervert the course of such corporation by making a collection agency out of it.

We are well aware that the decisions of the various states are hopelessly in conflict on this question. Many cases have been cited in the excellent briefs filed herein, and the question to be determined is what the public policy of this state is on this proposition.

If it is held that this school district comes within the provisions of the aforesaid section of the statute (Section 11815), it means that our political subdivisions of the state are to be constantly harassed by creditors of any person in the employ of such corporation to whom wages are due. We do not think that the political subdivisions of the state should be subjected to a suit for collection of private debts in this way. It means that the time of the officers of such organization must be taken from their service to the state, attorneys must be employed to defend, and, of course, the costs of the case would be taxable against the corporation, all for the purpose of permitting someone to collect a private debt.

In the aforesaid Section 11815, it is to be noted that it says: "In such action, *persons* indebted to the judgment debtor, or holding any property or money," etc. The question is, Does

 the term "persons," appearing in the aforesaid section, cover a school district? It is true that Subdivision 13 of Section 63, Chapter 4, of the Code, on rules of construction, reads as follows: "The word 'person' may be extended to bodies corporate."

Did the legislature in the aforesaid Section 11815 mean to include the political subdivisions of the state in the word "persons?" We do not think it did. Having declared the policy of the state to be that municipal and political corporations of the state should not be garnished, we do not feel warranted in extending these words in said section to cover such political and municipal bodies. More than this, the state has provided certain methods by which funds in the hands of such bodies may be reached, aside from the aforesaid Section 11815.

The question has been before the courts of other states, and among the later decisions is *Skelly v. Westminster Sch. Dist.*, 103 Cal. 652 (37 Pac. 643), a case in which a statute of that state provided for the garnishment by leaving a notice with a person owing such debts or having in his possession or under his control credits or other personal property of the judgment debtor's. The court said: "The question is whether a school district is a 'person,' within the meaning of this section," and the conclusion reached was that it was not. The court gave as its reason therefor that:

"* * * Laws made primarily to provide for individual rights will not be presumed to include the state, when the effect might be to authorize a suit against the state or embarrass it in the discharge of its functions."

In *Switzer v. City of Wellington*, 40 Kan. 250 (19 Pac. 620), garnishment was authorized against "any corporation or person," and the question to be decided was whether or not the defendant city was reached by the phrase "any person or corporation." The court there said:

"'A municipal corporation is part of the government. Its powers are held as a trust for the common good. It should be permitted to act only with reference to that object, and should not be subjugated to duties, liabilities, or expenditures, merely to promote private interest or private convenience."

The holding was that, even in the use of the word "corporation," it was not intended to cover municipal corporations.

In *Mayrhofer v. Board of Education*, 89 Cal. 110 (26 Pac. 646), the principle of the construction of such statutes was said to be that the state is not bound by general words in a statute "which would operate to trench upon its sovereign rights, injuriously affect its capacity to perform its functions, or establish a right of action against it." As further bearing on this subject, see *Witter v. Mission Sch. Dist.*, 121 Cal. 350 (53 Pac. 905).

In *Duval County v. Charleston Lbr. & Mfg. Co.*, 45 Fla. 256 (33 So. 531), this question is very elaborately discussed, and many cases reviewed. The statute provided for garnishment "by any third person," and it was held that the word "person" was not broad enough to include a county. The rule there announced was that the county cannot be garnished unless the process is *plainly authorized* by statute, and that the word "person" used in the garnishment statute may (under a statutory definition of "person," as is contained in the Iowa statute,) extend to and apply to a corporation, but it cannot be held to include quasi public corporations, such as a county.

In *Porter & Blair Hdw. Co. v. Perdue*, 105 Ala. 293 (53 Am. St. 124), the court said:

"Garnishment is a remedy or process of purely statutory creation and existence. There is no authority for a resort to it, —courts are without jurisdiction to grant and effectuate it,— except in cases and against parties which and who are within *the terms of the statute*. Public corporations, such as towns and cities, are not within the purview of the statute of garnishment in this state; they are held not to be subject to this process, unless included, in *unequivocal terms, by the letter of the statute*, on grounds of public policy; and our statute does not so include them."

In *Moscow Hdw. Co. v. Colson*, 158 Fed. 199, it was sought to hold the regents of the University of Idaho under a garnishment law providing that "any person" may be garnished. Referring to the garnishment, the court said:

"It is distinctively and exclusively a public educational institution, brought into existence and maintained solely for the purpose of performing certain administrative functions of the

state. The prevailing, although not universal, rule is that, in the absence of a statute clearly expressing the intention of the legislature to the contrary, the state, its officers, and its agencies, such as counties, school districts, municipal corporations, strictly speaking, and other public bodies created for the purpose of performing administrative functions of government, are not subject to garnishment process."

See, also, *City of Sherman v. Shobe,* 94 Tex. 126 (86 Am. St. 825); *School Dist. v. Gage,* 39 Mich. 484 (33 Am. Rep. 421); *Chamberlain v. Watters,* 10 Utah 298 (37 Pac. 566); *Kein v. School Dist.,* 42 Mo. App. 460; *Millison v. Fisk,* 43 Ill. 112; *Clark & Saunders v. Mobile Sch. Com.,* 36 Ala. 621; *Dollman v. Moore,* 70 Miss. 267 (19 L. R. A. 222); *Bulkley v. Eckert,* 3 Pa. St. 368 (45 Am. Dec. 650); *Bank of Southwestern Georgia v. Mayor,* 92 Ga. 361 (17 S. E. 287).

Appellees rely largely upon *Tone Bros. v. Shankland,* 110 Iowa 525. This question was lightly touched upon in this case. This action was under the section of the statute authorizing equitable garnishment, and we there said:

"Some objection is made to the form of this proceeding. It is said that it is in the nature of a garnishment, and that a municipal corporation, under Section 3936, Code, cannot be garnished. There are several answers to this claim: (1) This is not a garnishment proceeding, though its effect may be the same. (2) If it were such, only the garnishee could plead the exemption, and it does not do so. * * * (3) This objection does not seem to have been made in the trial court."

This case decides nothing bearing on the question under consideration. What it amounts to is a refusal to pass upon the question because the objection was not made in the trial court. What the objection was to the form of proceeding is not specified, and what is there said does not amount to a pronouncement on the question here under consideration.

It is our conclusion, therefore, that Section 11815 is not only not broad enough in its terms to include a school district, but that such political subdivisions of the state should not be included unless the legislature specifically so provides, and thereby changes the public policy of the state; but until it does so,

our holding is that school districts are not subject to this equitable proceeding marked out by Section 11815 of the Code. The municipal court should have so held.—*Reversed.*

STEVENS, C. J., and FAVILLE, DE GRAFF, and WAGNER, JJ., concur.