(127 So. 904)

## SMITH v. FRANKLIN COUNTY et al.

8 Div. 181.

Supreme Court of Alabama.

April 17, 1930.

Key & Key, of Russellville, for appellant.

Travis Williams, of Russellville, for appellee.

SAYRE, J.

Appellant, a citizen and taxpayer of the county of Franklin, by his bill in this cause seeks to enjoin and prevent an alleged unlawful expenditure of county funds by the court of county commissioners. The commissioners' court has expended and, as the bill alleges, will continue to expend county funds by way of assisting the city of Russellville to pay for the paving of two streets contiguous to the courthouse and jail belonging to the county. It is averred that the commissioners agreed to contribute a part of the cost of the improvement, paying its part to the city in ten annual installments, with interest at 6 per cent., of which installments the county has paid two, and will continue to pay unless the court will intervene by its writ to prevent. The county's demurrer to the bill was sustained.

The question presented for decision needs no elaborate discussion. In Town of Eutaw v. Coleman, 189 Ala. 164, 66 So. 464, this court, considering the act of 1909 (Acts, p. 303), held, to quote the headnote, that "county funds not otherwise appropriated or set apart by law may be appropriated by the court of county commissioners towards a partial payment for the improvements by a town of the streets and sidewalks around the block occupied by the buildings belonging to the coun-

ty." And in that case it was also held, to quote now from the opinion, that "Commissioners' courts are not without authority to issue interest-bearing warrants to cover ordinary debts. Alabama City G. & A. Ry. Co. v. Gadsden, 185 Ala. 263, 64 So. 91 [Ann. Cas. 1916C, 573]. A warrant is not a bond. Savage v. Mathews, 98 Ala. 535, 13 So. 328." Since the decision in that case, the act of 1909 has passed into the Code. Section 6773–6775. And by the Act of 1919, p. 1122, § 1, it is now provided that "Whenever * * * any county * * * shall establish, construct or reconstruct, improve or reimprove a public highway, street or avenue, which said street, highway or avenue is within or partly within, any city or town of the State of Alabama, that such city or town * * * [may] contract and agree with * * * any county * *· * as to what proportionate share of the cost of the establishment, construction, reconstruction, improvement or reimprovement of such street, highway or avenue within such city or town shall be paid by such municipality," etc. This provision, now a part of section 2252 of the Code, would afford an example of strange anomaly in the enactment of law if it should be held that a city or town may contribute to the improvement of a street by a county, but that a county may not contribute to the improvement of a street by the town or city wherein it is located. However, we do not intend to strain the language of the act of 1919, but only to say that it would appear to lend force to the construction of section 6773 of the Code (Act of 1909), as construed in Town of Eutaw v. Coleman, supra.

We infer that this appeal has been inspired by the last paragraph of the opinion in City of Huntsville v. Madison County, 166 Ala. 389, 52 So. 326, 139 Am. St. Rep. 45, in which it was held (1910) that there could be no assessment against county property to meet the cost of street improvement—this for the reason that there could be no increased value to county property, by reason of such improvement. But that was not to hold that the Legislature might not authorize a county voluntarily to contribute to the improvement of a street in a city or town within the county, and certainly, the fact that the street improved or to be improved is contingent upon county property affords no argument against the constitutionality or legislative wisdom of such a contribution. Nor will it be denied that a county has an interest to be cared for in the highways, whether roads or streets, which lead to its courthouse and other public buildings. Nothing to the contrary of our present opinion was said in City of Huntsville v. Madison County, supra, nor in City of Decatur v. Southern Railway, 187 Ala. 364, 65 So. 536, where in some respects the opinion in City of Huntsville v. Madison County was amplified and explained as in-

tending only that, in the then state of statutory law, there could be no "personal judgment" against the county. Here, limiting our decision to the exigency of the case presented, we find no statutory or constitutional inhibition against a county's contribution, in the shape of interest-bearing warrants, to the improvement of the streets adjacent to its public buildings, even though located in a town or city:

The decree sustaining the demurrer was properly rendered

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.