147 So. 606

CITY OF MOBILE v. MOBILE & O. R. CO.

I Div. 748.

Supreme Court of Alabama.
Dec. 22, 1982.

Rehearing Denied April 27, 1933.

Further rehearing denied June 9, 1933.

Harry Seale, of Mobile, for appellant.

C. T. Prince, of St. Louis, Mo., and Stevens, McCorvey, McLeod, Goode & Turner, of Mobile, for appellee.

694

**BOULDIN, Justice.**

This appeal raises the question of the legal authority or power of the city of Mobile to make a local assessment, for street improvements, under Code, § 2174, upon abutting property owned by a railroad company, and devoted to public use as the railway roundhouse at the terminus of the division.

In City of Decatur v. Southern Railway Co., 183 Ala. 531, 62 So. 855, 48 L. R. A. (N. S.) 231, this court considered the validity of such an assessment against a section of the right of way of a railroad company occupied by its tracks and so devoted to the discharge of its functions as a public service corporation. The opinion reviewed the authorities at length on the general principles involved. The result as finally adjudicated on second appeal (City of Decatur v. Southern Railway Co., 187 Ala. 364, 65 So. 536) was to hold the assessment void.

The basis of the rule declared is that such local assessments under our statutory system are in rem, fix a charge on the property only, impose no personal obligation on the owner; that a sale of such property, the sole means of collection, would interfere with the performance of the public service to which the property was dedicated; that such a sale is, therefore, against public policy; and such an assessment can serve no purpose but to cast a cloud on the title.

Another statute, first enacted in 1907, and, as amended, now found in Code, § 2189, provides for assessment of the costs of street improvements of defined widths where the tracks of a street car or railroad are laid upon the streets of the city. This assessment imposes a personal obligation on the public service corporation, secured by a lien in the nature of a general tax lien on the railroad and property connected therewith. Such assessment is sustained as a privilege or franchise tax imposed to provide for the public convenience under the police power of cities over their streets guaranteed by our Consti-

tution. Alabama Traction Co. v. Selma Trust & Savings Bank, 213 Ala. 269, 104 So. 517.

Assessments for street improvements, in so far as they affect the right of way and tracks of railroads, are limited to those defined by this latter statute. Nashville, C. & St. L. Ry. v. Boaz, 213 Ala. 667, 106 So. 192.

Appellant makes the point that this court has dealt only with cases involving assessments in rem against the right of way and tracks of railroads and street railways. It is insisted that the great weight of authority recognizes a distinction between such assessments and like assessments against other railway properties, although devoted to the public service, such as street improvements abutting station grounds, etc. Many states hold assessments may be made even against rights of way and tracks, when expressly or impliedly authorized by statute and it appears special benefits to the property have resulted from the improvement. 44 C. J. p. 529, § 2889 et seq.

And with greater unanimity it is held that other properties, although devoted to the public use, if benefited by such improvement, are subject to assessment. Some authorities limit it to property not "absolutely necessary" not "necessary" or not "reasonably necessary" to the performance of duty imposed upon a public utility. Others make no such distinction, and recognize the right as based on the fact of special benefits, and assessable although the property, for reasons of public policy, be not subject to sale, and, in some such cases, notwithstanding there be no other method of enforcing the demand. 25 R. C. L. p. 117, § 34 et seq.; 44 C. J. p. 534, § 2898. As to this last proposition, we regard our own cases entirely sound in holding such assessment can be no more than a useless beclouding of the title of the owner.

There seems abundant ground to declare on principle that all whose property shares in the common benefit should bear their part of the burden, and not impose the same on the general taxpayer. To this end such taxes made a personal obligation, where allowable, or otherwise enforceable without disrupting the plant, or crippling the utility in the performance of its public service should be sustained.

█ Limiting our decision to the case before us, we hold the property of a railroad company now and for many years devoted to public use as the location of its terminal roundhouse, where its engines are to be inspected and tested as required by law, with turntable facilities, with tracks connecting with the main track, is to be regarded as an integral part of its plant essential to the performance of its public service as a common carrier; that, for reasons of public policy, it

is not subject to sale for the payment of such assessment, and the assessment was 'void.

In Alabama City v. Alabama Power Co., 213 Ala. 644, 106 So. 39, the question was raised as to the right to make an assessment against a portion of the right of way, a strip outside the track, and alleged not to be essential to the performance of the public service of the transportation company. We held the rule declared in former cases does not except any part of the right of way. In effect, the whole was treated as a unit. For strong-er reasons this roundhouse property must be treated as an integral part of the property devoted to the movement of trains in railway transportation service as a common carrier.

██ A further question is presented as to whether the evidence discloses any special benefits to this property by reason of the street improvement. This is the essential basis of such assessment in all cases. Constitution of Alabama, § 223.

The evidence discloses that a high board fence is and was prior to such improvement maintained on the side of this property abutting Lipscombe street, where the improvement was made. A large sign, "Public Not Allowed," was posted. Thus ingress and egress from this property to the street is cut off.

The use of this property for a roundhouse would be rather hindered than helped by admitting the public over this street; there appears no occasion for the railroad company to use this street in any way in the conduct of the roundhouse business; indeed, it had cut off any such use by the board fence, designed to exclude the public.

The witnesses testifying to any increased value because of paving the street, put it on the ground of benefits to the property in a general way, because of uses to which it may be applied. All of them who were interrogated on the point testify that the property was not benefited, or increased in value, for roundhouse purposes.

We have recognized the rule that in making such assessments on private property the measurement of increased value is not limited to the uses to which the owner is then putting it. The market value for any purpose to which purchasers may desire to put it is the test; and if it can be converted from its present use with an outlay or expense less in amount than the increase in value, some assessment should be made. Sloss-Sheffield Steel & Iron Co. v. City of Birmingham, 201 Ala. 542, 78 So. 896.

But we think the sounder rule, on reason and authority, is that the increased value of property owned by railroads or other utilities, and devoted to the public service for which the utility corporation exists, must be reckoned on its increased value for such public use. The railroad company, in such case, does not own the property for sale, piece-meal, on the market. It is held for public use, in the performance of a public service required by law. Improvements which bring increased income, or otherwise reflect themselves in the market price for which the utility, or its plant, may be sold intact, are of the class for which assessments are generally recognized in jurisdictions where such assessments are approved. Choctaw, Oklahoma & Gulf Railroad Co. v. Mackey, as County Treas., etc., 256 U. S. 538, 539, 41 S. Ct. 582, 65 L. Ed. 1076; City of Barre v. Barre & Chelsea R. Co., 97 Vt. 398, 123 A. 427, 37 A. L. R. 207, citing long line of cases; Erie R. Co. v. Mayor, etc., of City of Paterson, 72 N. J. Law, 83, 59 A. 1031; 44 C. J. p. 584. See, also, City of Decatur v. Southern Railway Co., 183 Ala. 542, 543, 62 So. 855, 48 L. R. A. (N. S.) 231; City of Huntsville v. Madison County, 166 Ala. 389, 52 So. 326, 139 Am. St. Rep. 45.

Our conclusion is that under the undisputed evidence no local assessment of this character could be lawfully made by the city.

Conceding that one or more of the charges given for defendant, and assigned as error, were in effect the affirmative charge, there was no error.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.

## On Rehearing.

PER CURIAM.

Application for rehearing overruled.

All the Justices concur, except BROWN, J., who dissents.

BROWN, J. (dissenting).

My judgment is that the only material question presented on this appeal is whether or not the property was specially benefited by the improvement within the meaning of section 223 of the Constitution, a question of fact. If the property was not so benefited, it is not assessable. My views on the other questions are stated in my opinion in City of Birmingham et al. v. Seaboard Air Line Railway Company, and cross-appeal (Ala. Sup.) 148 So. 425, this day decided.

I therefore respectfully dissent.